SAMUEL EDDY *v.* JOHN H. SPRAGUE.

Where a cause is referred by rule of court, it is not incumbent upon the referee to proceed in the trial upon the very issue joined in court. It is the cause referred which he is to try upon its merits.

If any amendment, within the province of the court to allow, will make the report applicable to the case, it will be accepted, notwithstanding it vary from the declaration or particular issue joined.

Reports of referees will not be set aside, except for manifest mistake or injustice.

ASSUMPSIT, upon the warranty of a horse.

This case was referred by the county court, by agreement of the parties, and the referees reported in favor of the plaintiff. They stated in their report that they did not find that the defendant warranted the horse in question, but that their decision was made upon the ground of defendant's representations, that the horse was docile and manageable, when he knew the fact to be otherwise;—that the defendant objected to the admission of testimony, designed to prove a false representation merely, but that they admitted the testimony, subject to the opinion of the county court.

The county court accepted the report, and rendered judgment for the plaintiff, to which the defendant excepted.

*J. Pierpoint,* for the defendant.

The declaration is upon the warranty only. No *scienter* is alleged or proved. The question submitted to the referees was the plaintiff's right of recovery upon the case, as stated in his declaration, and the defendant was not bound to meet a different claim.

*C. Linsley,* for plaintiff.

I. It being settled, that a fraudulent representation in the sale of property is equivalent to a warranty, it is difficult to see any good reason why it may not be treated as such. The legal liability in both cases being precisely the same, no substantial and satisfactory reason can be given why a fraud may not be given in evidence, to support a declaration on a warranty. *Beeman* v. *Buck,* 3 Vt. R. 54.

In assumpsit, the plaintiff may recover, although his evidence, instead of proving a contract, show a trespass. If the plaintiff chooses to waive the trespass and ask for only the value of his property, it is not for the trespasser to complain. And in this case, if the plaintiff, instead of going

directly for the fraud, charges it as a warranty, to which it is equivalent, the defendant is not injured.

II. The report of the referees is conclusive. If substantial justice has been done, and if the same result has been reached by the proceeding, the parties should not be compelled to go to another trial. A reference to arbitration should be considered as a waiver of any objections to the form of proceeding, and as a mutual agreement to allow the tribunal selected to decide the real controversy between the parties, divested of all technical subtleties.

If the referees intended to be governed by rules of law, and have made a mistake affecting the grounds of the controversy, the report must be set aside, but if they made an erroneous decision, not going to the merits of the dispute, but merely affecting the mode of proceeding, it is no ground for disturbing the report. *Bliss* v. *Rollins,* 6 Vt. R. 531. *Learned* v. *Bellows,* 8 do. 79.

The opinion of the court was delivered by

REDFIELD, J.—The only question which arises in this case is, whether the report of the referees is within the rule of reference. This mode of trial is not very different from that by arbitrators. The award of the referees is to be accepted or rejected by the court, upon the same grounds which determine the validity of an award of arbitrators.

At common law, the parties had no power to refer, by rule of court, any other matter except the very suit pending. By the statute of 9 and 10 W. 3. c. 15. §1. it is provided, that the parties may refer to arbitration, by rule of court, any matter in dispute between them. The agreement to refer must be in writing, which is not required by our statute. In other respects, the statutes are similar in their provisions. *Ansell* v. *Evans,* 7 T. R. 1.

It has never been considered under the English statute, or at common law, that the arbitrator had any thing to do with the *particular issue* joined in court, or that it was of any importance, whether any issue was joined previous to the reference. It is customary there to enter up a verdict for the plaintiff, for the full amount of the damages claimed in the declaration, subject to the award of the arbitrator, to whom the case is referred. But this is done to save the lien

upon the bail. 2 Saunders, 72. C. 2 Petersdorff, 109, and notes. This, however, is never supposed to be important to the validity or conclusiveness of the proceedings.

If the declaration or other pleadings are defective, the defendant cannot, on that account, move in arrrest of judgment. If the case is referred, standing on the plea of a release, it is competent for the arbitrator to try " the case" on any other issue. The declaration is important only, in order to determine the extent of the submission, and with this view, a copy of it is, in practice, usually attached to the rule issued by the clerk. But it was never known that any other part of the pleadings was copied into the rule, which is the authority for the referees to proceed. It is clear, then, that the reference of a cause, by rule of court, is not, with us, considered a reference of the particular issue joined in court. It is a reference of the whole cause to be tried on the merits.

It is evident that the referees, in this case, made an award in favor of the plaintiff, upon testimony which could not have been received in court, without an amendment of the declaration. The declaration is, in form, assumpsit, and no *scienter* is alleged. The plaintiff is, in such case, held to proof of an express promise. *Shepherd* v. *Worthing*, 1 Aikens, 193. But in assumpsit even, if the *scienter* be alleged, proof of fraud, from which a promise is implied, will be received. But had this case been on trial in the county court, and the same proof offered to support this declaration, it must have been rejected on the ground of variance. In such case, however, the court will always allow an amendment upon some terms, which the referees could not do, which shows, in a very strong light, the absurdity of holding the referees to the trial of the only issue joined *in court*, over which they have no control, and with which they have no concern.

If the declaration be in tort, or for a false warranty, the plaintiff may sustain his action by proof, either of an express warranty or fraud, even in court. *Beeman* v. *Buck*, 3 Vt. R. 53. *Williamson* v. *Allison*, 2 East. 450. And whether the declaration be in tort or assumpsit, if referred, it is the case, and not the particular issue, which is to be determined.

And although the referees report, that they intended to

proceed "according to law," it is not every deviation from the strict rules of technical law which will avoid their award. It must be some fatal and evident mistake in the application of principles, by which they intended to be governed, and which goes to the *merits* of the action or matter referred. *Learned* v. *Bellows*, 8 Vt. R. 79.

The parties having selected their tribunal,and invested them with an absolute discretion, so that they are not bound, except at their own option, even by the rules of law, the court should not be very nice in searching out circumstantial defects in their proceedings. If they have not violated any of the known and acknowledged principles of right and justice, and have not been misled by the application of their own rules, their report should be accepted.

Judgment of the county court affirmed.