Davis *v.* Campbell.

ELISHA W. DAVIS *v.* CHARLES CAMPBELL.

*Reference. Evidence before referees. Issue. Injury by dog. Fence against highway.*

A referee, upon the trial of a case referred under a rule from the probate court, is not confined to the same issue and the same state of eveidence, which would have been required in the county court;—under the practice in this state it is understood, that the case is referred, to be tried upon its merits, without regard to the particular issue joined upon the record.

And this principle is not affected by an agreement, incorporated into the rule of reference, that the " referee shall be governed by the rules of law." Such agreement is to be referred to the merits of the case, and not to the form of the issue joined.

In an action of trespass, referred under a rule from the county court, it was stated in the rule of reference, that the " referee was to be governed by the rules of law," and that " by the rules of court all special pleas are to be filed within ninety days of the first term of court, or defendant must be confined to the general issue, without notice of special matter to be given in evidence," and that there had been " no plea filed in this cause;" and it was held, that the referee might receive and consider evidence of matter in justification of the act of the defendant, complained of as a trespass.

When cattle break from the highway into an inclosure, and are there doing damage, and the owner of the land drives them out by means of a dog, using all ordinary care, he is not responsible for injury thereby occasioned to the cattle.

It is not indispensable to the right of a land owner to impound cattle, which are doing damage in his inclosure, that the fence adjoining the highway, over which the cattle entered, should have been legally sufficient for a fence between inclosures not upon the highway.

TRESPASS for injury to the plaintiff's cow by means of a dog. The case was referred, under a rule from the county court; and it was stated in the rule of reference, that the referee was to be governed by the rules of law,—that by the rules of court all special pleas were to be filed within ninety days, or the defendant must be confined to the general issue, without notice of special matters to be given in evidence,—and that there had been no plea filed in the cause. The referee reported substantially as follows.

Davis *v.* Campbell.

The plaintiff, at the time of the injury complained of, was the owner of a cow, which, with other cattle of the plaintiff, ran at large in the highway, and entered from the highway into the defendant's inclosure, adjoining the highway, and were there doing damage; and the defendant caused the cow to be driven from thence by means of a dog. The cow was pursued by the dog eight or ten rods into the highway, and was greatly injured by being bitten by the dog. The dog was of a medium size, and was not of ferocious disposition, and was such a dog, as a prudent farmer might and would use in driving his own cattle from his inclosure; and the defendant and his servants, in driving the plaintiff's cow from the inclosure by means of the dog, used such care and prudence, as any man of ordinary care and prudence would use in the management of his own property under like circumstances. It did not distinctly appear, whether the fence, which separated the defendant's inclosure from the highway, was or was not sufficient and legal fence. The plaintiff insisted before the referee, that he was entitled to recover all damages sustained by him, by reason of the cow being bitten by the dog, and that, if the defendant would avail himself of any justification, or excuse, for setting the dog upon the cow, by reason of the cow being found in his inclosure doing damage, he should have pleaded specially in bar, in due time, in court, and that he could not take advantage, before the referee, of any such justification, or excuse, under the general issue. It did not appear, that any plea had ever been filed in court. The referee assessed the damage, sustained by the plaintiff, at twelve dollars, and submitted to the court to decide, whether, upon the facts reported, he was entitled to recover that sum, or nominal damages, or whether the defendant was entitled to judgment for his costs.

The county court, April Term, 1850,—Royce, Ch. J., presiding, —rendered judgment, upon the report, for the defendant. Exceptions by plaintiff.

*A. O. Aldis* for plaintiff.

1. The owner of a dog, not accustomed to bite, if he set the dog at cattle, is responsible for any actual injury, that may ensue, although the cattle were *damage feasant* in his field, and the dog were set on to drive them from the field. The defendant did not call off

the dog, after he got into the highway. It does not appear, that the defendant had a legal fence around his inclosure; if not, it was not a wrong in the plaintiff, for his cattle to be in the field.

2. Matter of justification must be pleaded, or it cannot be given in evidence. *Strong* v. *Hobbs*, 20 Vt. 185. The rule of reference provided, in express terms, that the referee should be governed by the rules of law. *White* v. *White*, 21 Vt. 254.

*H. E. Royce* for defendant.

The facts reported by the referee constitute a full defence to the action. *Millen* v. *Fandrye*, cited in 4 Burr. 2094. 1 Gilb. Ev. 514. *Clark* v. *Adams et al.*, 18 Vt. 425. The direction given to the referee in the rule of reference could neither enlarge or limit his general powers; but if any effect is to be given to this direction, it was intended to apply to the decision upon the merits of the case, and not to any question that might arise in the course of the trial. The referee has nothing to do with the issue joined in court. *Learned* v. *Bellows*, 8 Vt. 75. *Eddy* v. *Sprague*, 10 Vt. 216.

The opinion of the court was delivered by

REDFIELD, J. The first question made in the case is whether the referee was confined, in the trial of the case, to the same issue and to the same state of evidence, which would have been required in the county court. We think not. In our practice it is understood, that the case is referred, to be tried upon its merits, without regard to the particular issue joined upon the record. The English practice is, I think, in some respects, otherwise. The arbitrator, as he is there called, ordinarily only tries the issues joined upon the record, and which are sent down for trial, upon the *nisi prius* roll. But the practice has been otherwise in this state; *Eddy* v. *Sprague*, 10 Vt. 216; and we do not perceive any sufficient reason to depart from the former practice. And how far the English practice is different, I have not examined. Their practice is far more strict in requiring defences to be specially pleaded, especially under the late rules. That strictness has not met with much favor in this country. The march of events is in a contrary direction.

Nor do we think, that the agreement in this case, that the "referee shall be governed by the rules of law," could fairly be con-

strued to apply to the *form* of the issue joined upon the record. It doubtless is to be referred to the merits of the case.

In regard to the merits of the case, we suppose the case of *Clark* v. *Adams*, 18 Vt. 425, must be esteemed pretty much decisive upon all the points raised. The land there was not inclosed by a legal fence, so that the party could have obtained redress by impounding the cattle; and it was considered no obstacle to his driving the cattle off his inclosures by means of a dog, more than medium size, provided he did it in a prudent and careful manner,—all which is expressly found by the referee in the present case. Indeed, that case seems to us, in its facts and circumstances, even stronger than the present; and we must understand, that, if the defendant was guilty of no want of ordinary care in setting the dog upon the cow and in driving her out of the field, which is expressly stated by the referee, he did call the dog off as soon as possible, for that seems necessarily implied in the former finding. Any other construction would be a refinement upon the words used by the referee.

We do not suppose, that it was indispensable to the defendant's right to impound creatures doing damage in his fields, that the fence adjoining the highway should have been legally sufficient, such fence being expressly excepted in the Revised Statutes, chap. 88, § 16. The law was otherwise under the former statute, as to neat cattle, but must, I think, be considered as modified by that statute.

Judgment affirmed.