## Israel Cutting *v.* George W. Stone.

*Reference. Decision of questions of law.*

Questions of law, decided by a referee, cannot be revised, if it do not appear from his report, that he intended to decide according to the rules of law, and he was not required by the rule of reference to do so.

EJECTMENT. The case is sufficiently stated in the opinion delivered by the court.

*T. Howard* for plaintiff.

*J. McLean* and *G. W. Stone* for defendant.

The opinion of the court was delivered by

REDFIELD, J. This is an action of ejectment, referred by consent of parties generally. The referee reports in favor of the plaintiff, and states the grounds of his decision, without saying, that he intended to decide the case according to the strict rules of law. It

*Cutting v. Stone.*

seems to us, therefore, that no question can be raised upon the report, in regard to any question of law decided by the referee. No rule of law is perhaps better settled than this.

This very case is a good illustration of the rule. The plaintiff's deed defines his lot, upon the west, by a line parallel to the road, which would not include most of the land in dispute, and for which the referee finds the plaintiff ought to recover. But the referee also finds, that the lot was so staked out, at the time of the conveyance, or immediately thereafter, as to include the land in dispute,—thus showing very clearly, that it was the intention to convey the land in dispute. Whether the deed, therefore, in strictness, will cover the land, or not, it is certain, upon these facts, that the plaintiff should hold it, as against his grantor, and that a court of equity would compel a conveyance. The defendant, too, it would seem from the report, took his title upon the basis of the plaintiff's boundaries being as he now claims them. There can be no doubt whatever, that all parties considered the stone wall as the true northern boundary of the plaintiff's lot. Upon every ground, therefore, we think the case was decided, by the referee, according to the broadest rules of equity and good conscience, which ought every where to prevail. And the stakes being stuck at the time of the conveyance, or immediately thereafter, may be regarded as a description by metes and bounds and so valid in law even, and controlling the course named in the deed. 　　　　　　　　　　　　　　　　Judgment affirmed.