FOR THE

## COUNTY OF FRANKLIN,

JANUARY TERM, 1853.

---

PRESENT,

HON. ISAAC F. REDFIELD, CHIEF JUDGE.
HON. PIERPOINT ISHAM, } ASSISTANT JUDGES.
HON. MILO L. BENNETT, }

---

EDWARD J. HICKS *v.* RICHARD COTTRILL.

*Money had and received. Specification. Referee.*

If A. has money in his hands, in trust, and fails to pay it out according to the trust, and B. is compelled to pay the debt, for which he so left the money, the money thereby becomes B.'s money, and A. from that moment, must be regarded as having received it to B.'s use, and it may be recovered in the common money counts.

The specification, is only a bill of particulars, to advertise the defendant of what he is to meet, and it is unimportant to determine to which particular count the claim applies, or nicely distinguish between money paid, and money had and received to plaintiff's use.

À referee is at liberty to proceed to try the cause of action on its *merits,* and is not bound to try the particular issue joined in court. *Eddy* v. *Sprague,* 10 Vt. 216.

ASSUMPSIT in four counts, viz: work and labor; for goods sold; for money paid; and for money had and received. Plea, general issue, and that the cause of action did not accrue within six years. The replication traverses the second plea. The plaintiff's specification, filed in the case, is as follows:

" To cash paid on claim due Boynton & Hyde, debt contracted
" by Hicks & Prescott, and assumed by Hicks & Cottrill, which
" debt, in the dissolution of the partnership of Hicks & Cottrill, Cot-
" trill promised to pay,     $265,51
" Interest from November 1, 1844, when paid by Hicks."

The case was referred, by consent of parties, and the referee, reported substantially, the following facts:

That in the fall of 1836, Hicks, and Amos A. Prescott, formed a partnership, by the name of Hicks & Prescott, and continued in business, as partners, until May 31, A. D. 1837, during which time, they contracted the debt to Boynton & Hyde. On the 31st day of May, 1837, Prescott left the firm, and Cottrill went in,— the style of the new firm being Hicks & Cottrill. At this time, an agreement was entered into, between Hicks, Cottrill and Prescott, by which Hicks & Cottrill assumed and agreed to pay the debts of Hicks & Prescott, including the aforesaid debt to Boynton & Hyde, and Prescott transferred to the new firm, all his interest in the firm of Hicks & Prescott, after taking out the amount of capital that he put in.

Hicks & Cottrill dissolved on the 9th day of November, A. D. 1837, the contract of dissolution being as follows:  " Cottrill agrees
" to take all goods and effects belonging to Hicks & Cottrill, at their
" cost, and is to assume and take the notes and accounts now due
" Hicks & Cottrill, and is to pay the debts due from Hicks & Cot-
" trill, and the overplus is to be divided equally between said Ed-
" ward and Richard. The said Edward J. Hicks, in consideration
" as above, releases all his right, title and interest in and to the
" property, effects, and choses in action, to the said Richard Cottrill.
" An inventory of the effects of said firm and its liabilities, is to be
" immediately made out, and a copy furnished to each party. And
" the co-partnership, of Hicks & Cottrill is hereby by mutual con-
" sent, dissolved."

Cottrill not paying the debt of Hicks & Prescott to Boynton & Hyde, Prescott, in the fall of 1838, paid the same, upon request of Boynton & Hyde.

On the 28th day of April, A. D. 1840, Hicks and Cottrill met, in the presence of J. W. R. Bromley, to settle their partnership affairs; upon that occasion, the assets of the partnership were estimated by them at $4,691,15, (which included the assets of Hicks & Prescott, excepting the capital which Prescott put in and had taken out.)   The liabilities were estimated at $3,921,56, which was deducted from the assets, leaving a balance of $769,59.   From this balance, the doubtful debts were deducted, (Hicks and Cottrill dividing such debts equally between them,) and the remainder being $361,54, was deemed a fund of which each was entitled to one half, being $180,77, for each.   To this sum of 180,77, was added the debt due from the company to Hicks, ($340,66,) and then, after deducting from such amount, two items, (amounting to $21,00,) there was found due Hicks, a balance of $500,43.   Cottrill having taken all the assets, was bound to pay, and did, on said 28th day of April, 1840, pay said balance of $500,43, to Hicks.

That this settlement was made upon the basis that Cottrill had taken all the assets of said firms, and had assumed all their liabilities, and, that one half the overplus, (after deducting the doubtful debts,) was to be paid by Cottrill to Hicks; that the debt due from Hicks & Prescott to Boynton & Hyde, and which Prescott had paid, was included among the liabilities which Cottrill had assumed in the sum of $3,921,56, to pay which he retained funds of the company in his hands.

That Cottrill neglected to pay Prescott the amount of the debt to Boynton & Hyde, and finally, on the first day of November, A. D. 1844, Hicks paid Prescott the amount, which he, (Prescott,) had paid Boynton & Hyde, which, with the interest, amounted to $265,51.   The referee found for the plaintiff, and reported that in so deciding, he intended to be governed by rules of law, and counsel agreed so to submit the case.

The County Court accepted the report, and rendered judgment thereon for the plaintiff.   Exceptions by defendant.

——— ——— for defendant,

Insisted that by the agreement to submit the case to be tried by

rules of law, the defendant was entitled to all the advantage that he could take in the County Court,—to the form of action, and all. That by the agreement, defendant expected to vary the rule of an ordinary reference, and that defendant had been entrapped by the construction given by the referee to the *agreement.*

2. The question is, whether *general assumpsit* will lie. If it will, then the course of the referee is of no importance.

But *general assumpsit* will not lie,—because—if we assume that defendant never made any other agreement to pay the Boynton & Hyde debt, than what is contained in the contract of dissolution, *under seal,* of 1837,—if that covers this debt, the suit should have been brought, on that contract, and *general assumpsit* will not lie, even though defendant promised verbally, at the time of the settlement, in 1840, to pay this debt. And if the agreement by Cottrill, in 1837, covered this debt, then we say that the action should have been on the sealed instrument.

But, if the Boynton & Hyde debt cannot be brought within the dissolution contract,—then we say defendant cannot be made liable for it, except upon a new promise upon some new consideration, in any form of action.

3. If at the time of the settlement, in 1840, a new and distinct agreement by Cottrill, was then made for the first time, the action must be predicated upon that promise, and *general assumpsit* will not lie. Chitty on Cont. 592.

Assumpsit for *money paid,* can only be sustained where the money paid was for a debt for which the defendant was originally or primarily liable to the third party. *Spencer* v. *Parry,* 30 Com. L. R. 107.

If defendant is liable at all, he is liable only by force of his agreement to pay, and must be sued on that agreement. The payment, by Hicks, of his own debt, cannot be treated as money paid at defendant's request, and for his use.

4. It does not appear that Hicks gave up any of the "*overplus,*" which Cottrill, by the contract of 1837, was to divide with Hicks, after the debts were paid,—or that anything was done, at the time, except to adjust the matter of "*overplus,*" and pay to Hicks his agreed share in advance of the stipulated time, instead of waiting till the debts were all paid, and then divide. This certainly shows no new consideration.

5. It is uncertain, by the report, on what ground the referee made defendant liable; whether by force of the contract of 1837, or by force of a new undertaking, in 1840. And the court cannot know from the report, whether justice or injustice has been done.

*C. Beckwith* for plaintiff.

1. An action of *assumpsit* will lie to recover the money paid by plaintiff to Prescott, notwithstanding the agreement of dissolution of the firm of Hicks & Cottrill is under seal. Where a party has covenanted to do an act, and failed in the performance, assumpsit lies, to recover back the consideration. *Weaver* v. *Bently*, 1 Cain's R. 47. *Douglass* v. *Mear*, Anthon's Nisi P. 130.

2. The settlement made between the parties; stating an account and settling the same; Cottrill's retaining assets to pay the Boynton & Hyde debt, and accounting for the balance only, and receiving a discharge in full, together with the other transactions, was a sufficient consideration. Chitty Pl. 104. *Codman* v. *Jenkins*, 14 Mass. 95. *Foster* v. *Allison*, 2 Term. R. 478–483. *Danforth* v. *Schoharie Turnp. Co.*, 12 Johns. 277. *Miller* v. *Watson*, 7 Cowen 39. S. C. 4 Wend. 267.

3. When the settlement was made, in 1840, Prescott had paid Boynton & Hyde. Therefore Hicks & Cottrill were then indebted to Prescott. Cottrill, having agreed to pay the debt, and Hicks having been compelled to pay it, an action for money paid, will lie.

4. The case has been tried upon its merits, and the court will not set aside the referee's report, unless they find he has so mistaken the law in relation to the merits of the case, that his report is not the result of his judgment, had he judged correctly of the legal principles applicable to the facts in the case. It is clear, from the facts found by the referee, that the plaintiff is legally entitled to recover, in some form of action. His report, therefore, will not be set aside on account of the form of action or any defect of the pleadings. *Jewell* v. *Catlin*, Brayton's R. 215. *Eddy* v. *Sprague*, 10 Vt. 216. *Clifford* v. *Richardson*, 16 Vt. 620. *Davis* v. *Campbell*, F. Co. Rep. Ct. Jany. T. 1851. *Bellows* v. *Learned*, 8 Vt. 79. *Bliss* v. *Rollins*, 6 Vt. 29. *Forsyth* v. *Shaw*, 10 Mass. 253.

5. The plaintiff, in the County Court, could have obtained leave

to amend, upon some terms, so as to have presented his case in technical form. It would be singular justice, after the case has been tried on the merits, to send it back to the County Court to get it clothed with some useless technical forms and antiquated absurdities. 1 Harr. Dig. 125. *Billings* v. *Fliglet*, 6 Taunton 419. *Stone* v. *Watson*, 2 Scott 842. *Leggr* v. *Boyd*, 6 Bing. N. C. 240. *Green* v. *Milton*, 4 Barn. & Adol. 369. *Alwyn* v. *Todd*, 1 Bing. N. C. 170. *Billings* v. *Pooley*, 6 Taunt. 422. 1 Chitty Plead. 1979. 1 Tidd's Prac. 696.

6. The court will not set aside the report, because the case has been tried contrary to defendant's expectation and intention. If the defendant has been surprised, his only course is to petition for a new trial.

BY THE COURT. This was an action of assumpsit, in four counts, work and labor, goods sold, money paid, and money had and received. The case, in the County Court, was referred, by consent of parties. The pleas were the general issue, and statute of limitations, and the plaintiff's specification was: "To cash, paid on "claim due Boynton & Hyde, debt contracted by Hicks & Preston, " and assumed by Hicks & Cottrill, and which debt, on the dissolu- "tion of partnership of Hicks & Cottrill, Cottrill promised to pay, "$265,51. Interest from November, 1844, when paid by Hicks."

At the time the case was referred, it was agreed that the referee should, in the trial of the case, consider himself governed by the rules of law, should make a special report, and should state in his report, that he did intend so to try the case.

The matter in controversy is a debt due from a former firm, which Hicks & Cottrill assumed in buying out the concern. At the time Hicks and Cottrill dissolved, Cottrill gave a contract, under seal, to pay all the debts of Hicks & Cottrill, which was dated the 9th day of November, 1837. On the 28th day of April, 1840, the parties had what was considered a final settlement of their concerns, and the referee reports, " That Cottrill, by agreement with " Hicks, retained in his hands a portion of the assets of said part- "nership, sufficient to pay the debt of Boynton & Hyde, aforesaid, " and in the accounting, that debt was treated by Hicks & Cottrill as paid, or to be paid, by Cottrill."

The only question made in the case is whether, under the state

of the pleadings, the referee could justly report in favor of the plaintiff.

It does not seem that the sealed instrument, in terms includes this debt; but was no doubt intended to extend to this, as the subsequent settlement sufficiently shows. But if in terms it does not include this debt, he has no reason to complain that he is not sued, in covenant, or debt.

And if he, at the final settlement, retained funds of the partnership, for the purpose of paying this debt, these funds are to be regarded as money in his hands, for they may fairly be presumed to have produced money. If then, he has once had money, or money's worth, what was treated as money, and may fairly be presumed to have produced money, and has failed to pay it out according to the trust, and plaintiff has been compelled to pay the debt, the money thereby becomes the plaintiff's money, and the defendant from that moment must be regarded as having received it to his use, and it may be recovered in the common money counts. And the claim is sufficiently described in the specification, as money paid to Boynton & Hyde, since it was that act which created the obligation to refund the money. The specification, is only a bill of particulars, to advertise the defendant of what he is to meet,— and it is not important in a specification, to determine to which particular count the claim applies, or nicely distinguish between money, and money had and received to plaintiffs use.

And if this were doubtful even, it would seem that the case of *Eddy* v. *Sprague,* 10 Vt. 216, would fully sustain the decision of the referee, that he was at liberty to proceed to try *the cause of action on its merits,* and that he was not bound to try the particular issue joined in court. In that case as well as this, the referees reported, that they intended to be governed by the rules of law, and still they reported for the plaintiff in that case, on testimony, which confessedly did not sustain the plaintiff's declaration, and upon which he could not have recovered in the county court, without an essential amendment. And still, the county court accepted the report, and gave judgment for plaintiff, and this court affirmed the judgment. And in the case of *Eddy* v. *Sprague,* the referees referred the question of law to the decision of the court.

The same point is in effect decided in *Jewell* v. *Catlin,* Brayton 215, and in *Clifford* v. *Richardson,* 18 Vt. 620.

Judgment affirmed.