## WILLIAM H. CARTER v. WILLIAM H. M. HOWARD.

*Statute of Limitations.   Husband and Wife.*

The statute of limitations may be a defence before a referee without having been pleaded in bar.

If credit is given to one when it might have been given to another, and nothing is subsequently done to authorize a transfer of it to the latter, the party giving the credit must stand upon the transaction as it originally occurred; and this too, irrespective of the relation existing between the person to whom he in fact gave the credit, and the one to whom he might have given it, but did not.

The plaintiff, a physician, attended the defendant's wife professionally at her request, and made his charges to the wife, "for the reason that he thought he should be more likely to get his pay from her than from the defendant." The defendant was in jail during a portion of the time and the wife had applied for a divorce, and the plaintiff knew the character of the relations between them. *Held*, that the defendant was not liable for the plaintiff's services.

ASSUMPSIT.—The case was referred, and was tried upon the referee's report at the January Term, Orange County, 1866, PECK, J., presiding, when judgment was rendered for the defendant,—to which the plaintiff excepted.

The referee reported that "to the first eight items of the plaintiff's account, amounting to $15 75., the defendant insisted upon the statute of limitations. The plaintiff objected, and claimed that the defendant could not set up this statute for the want of a plea in writing presenting that defence, no such plea ever having been filed in the case. If however, the defendant has the right to insist on the statute before me without having filed a written plea, which question I refer to the court, I find and adjudge that said eight items are barred by the statute, the charges having been made more than six years before the commencement of this action. I also find the charges were regularly made, and that the plaintiff should recover them, were not the statute of limitations in the way.

The defendant denies his liability to the plaintiff for any and all the residue of the charges in the account. I find that about the last of May, 1858, the defendant was arrested on a criminal charge, and committed to jail in Chelsea, where he remained confined till the last of July or first of August of that year; that when he was thus arrested and taken to jail, his wife, who was then sick and required the services of a physician, sent for the plaintiff to attend her, and he did so until the day she died, which was one of the first days of August, 1858. Some few days prior to her death the defendant came to Bradford and went to see his wife, where he met the plaintiff, who informed the defendant that he had been attending his wife professionally at her request, and he continued to do so up to the time of her death, the defendant making no objections to it. The defendant did not stay at the house where his wife was after his return from jail.

The plaintiff's account after the first eight items was for attendance on the defendants wife and things connected therewith, furnished and paid by her request as before stated. It appeared by the plaintiff's book and from his admissions, that the account, after the first eight items, were charged to the defendant's wife, and not to him,

and that she having deceased possessed of some property, letters of administration were taken out on her estate, and commissioners were duly appointed, and that the plaintiff presented this account to said commissioners for allowance, but that they disallowed it, on the ground that it was a legal claim against the defendant, and not against the estate of his wife. No appeal was taken from this decision, and the plaintiff subseqently brought this action, insisting that his account was a legal charge against the defendant.

When the defendant was in jail as above stated, a petition for a divorce in favor of his wife was served on him, and also a bill in chancery in her favor with an injunction against his interfering with her property. This service was made about the 23d of July. This evidence was received to show what were the relations between the defendant and his wife during the time the plaintiff was attending on the wife while the defendant was in jail.

The referee infers from all the circumstances that the plaintiff charged his services, which were reasonable charges, to the wife for the reason that he thought he should be more likely to get his pay from her than from the defendant.

Whether the plaintiff is entitled to recover in this case, all or any part of the account on the facts stated, is a question of law which the referee refers to the court."

*Ormsby* and *Dickey & Worthen*, for the plaintiff.

*Roswell Farnham* and *Wm. Hebard*, for the defendant.

The opinion of the court was delivered by

BARRETT, J. The first eight items would be barred by the statute of limitations, provided the defendant can avail himself of that defence before the referee without having pleaded it in bar as would be necessary if the case had been for trial in court. The raising and insisting upon the point made by the plaintiff in this respect, is but an additional illustration of what has long been settled, if nothing else in the law has been, namely : that nothing is to be regarded by the bar as *settled*, so long as suits arise in which points of law are involved. In *Eddy* v. *Sprague*, 10 Vt., 216, it was decided that when

a cause is referred by rule of court, it is not considered to be a reference of the particular issue joined in court, but a reference of the whole cause to be tried on its merits, and in the opinion delivered in that case it is said: " if the case is referred standing on a plea of release, it is competent for the arbitrator to try *the case* on any other issue. The declaration is important only in order to determine the extent of the submission, and with this view a copy of it is, in practice, usually attached to the rule issued by the clerk. But it was never known that any other point of the pleadings was copied into the rule, which is the authority for the referees to proceed." Following this is a succession of cases along in several volumes of the reports recognizing, and some of them adopting the same principle and rule, and not one of them making an intimation of a different doctrine, practice or view, and we come at length to *Fulton* v. *Wiley*, 32 Vt., 762, in which it is said: " that the defendant may interpose any defence to the plaintiff's right of action before the referee, that he could interpose, if the case were on trial in the county court, under any form of pleading that would be an appropriate answer to the alleged cause of action."

In *Cook* v. *Carpenter & Cook*, 34 Vt., 121, the doctrine and rules are again stated by POLAND, Ch. J., in exact consonance with what is said and held in all the preceding cases involving or bearing on the subject.

We will defer any further discussion of the subject till the next case is before us on the same point, saying only that we think the county court had sufficient warrant for allowing the statute to operate as a bar to said eight items.

The remaining question is, whether the defendant is liable to pay the residue of the account. We regard the referee's report as showing as matter of fact that the services were rendered by the procurement of the wife and on her credit. The plaintiff made his charges to the defendant's wife " for the reason that he thought he should be more likely to get his pay from her than from the defendant."

The facts distinguish this case very widely from that of *Day et al.* v. *Burnham*, 36 Vt. 37. The decisive point is, whether the mere fact that the services come under the head of necessaries, and are

such as the husband would be liable to pay for if rendered on his credit, countervails the legal effect of the other fact, namely : that the services were not rendered on his credit, but were rendered on the credit of the wife.　This is not a case of any ignorance or doubt in the mind of the plaintiff as to the character and relations of the person, Mrs. Howard, by whom he was employed, and to whom he gave the credit.　With full knowledge of all the facts connected with or bearing on the subject, he chose his debtor, and, upon common principles, sustained and illustrated by abundant authority, we think he cannot repudiate that choice and choose again.　Howard's legal duty as husband to pay for doctoring his wife in case the doctoring had been done upon the credit of that duty, would not preclude the plaintiff from ignoring such credit, and performing the services upon the credit of some other person.　If the credit is so given, and nothing is subsequently done to authorize a transfer of it to some other person, the plaintiff must stand upon the transaction as it originally occurred ; and this, too, irrespective of the relation existing between the person to whom he in fact gave the credit, and the one to whom he might have given it, but did not.　Many cases might be cited on this point.　See *Patterson* v. *Gandasequi*, 15 East, 62.　Dunl. Pal. Ag., 247–9, and cases cited in notes.　*Sawyer* v. *Cutting*, 23 Vt. 486.　1 Pars. on Cont. 288, and cases cited.　These views and authorities do not conflict with the decision in *Black* v. *Bryan*, 18 Texas, 453, in which Ch. Hemphill cites and relies on *loyal* sources of law and judicial logic for the grounds and reasons of the decision made in that case.

The judgment of the county court is affirmed.