## BRIGHAM T. PHELPS v. NIAL BEMIS.*

### Contract.   Conditional Sale.

In case and trover for driving away and selling a stag, attached by plaintiff as the property of E., there was evidence that about two months before attachment, defendant sold and delivered the stag to E. for $45, it being agreed that E. should pay $10 down and the residue in thirty days, or the stag should be returned and the $10 forfeited; that defendant then told E. the agreement must be in that way, or it would have to "be on record;" and that the $10 only was paid as agreed.  The court directed a verdict for plaintiff.  *Held*, that there was evidence tending to prove that all E's right under the contract came to an end within thirty days, and that thereafter defendant had no lien on the stag, as sold conditionally; and that the case should have been submitted to the jury with instructions.

CASE with a count in trover for the conversion of a stag.  Plea, general issue, and trial by jury, September Term, 1878, Ross, J., presiding.

It appeared that on March 29, 1877, the plaintiff attached the stag as the property of George P. Ellison on a writ sued out by William M. Smith, and that soon after the attachment the defendant drove the stag away and sold it.   It appeared also that about two months before the attachment the defendant had bargained and delivered the stag to Ellison.   Both the defendant and Ellison testified that Ellison was to pay therefor the sum of $45, $10 down, and the residue in thirty days, and that the $10 was paid down according to agreement.   The defendant testified that it was agreed that if the residue was not so paid the trade was to be at an end, and the stag to be returned; and Ellison testified that the $10 so paid was to be forfeited.   The defendant also testified that he then told Ellison, in effect, that the trade must be in that way, or it would have to " be on record."   It appeared that the residue was never paid.

After the testimony was closed on both sides, the court directed a verdict for the plaintiff for $40, the agreed value of the stag,

*Decided at the February Term, 1878.

with $3 interest from the time of conversion, to which the defendant excepted.

*Davenport & Eddy* and *L. S. Walker*, for the defendant.

The first point to be considered is as to the effect of the contract between Ellison and defendant. No question of construction can arise. Ellison was to have thirty days, and only thirty days. If he paid within that time he was to have the stag. If he did not, his right to acquire an interest therein ceased. The transaction was unlike a mortgage. It was, before the expiration of thirty days, a conditional sale. Payment within the thirty days was a condition precedent. Until performance of that condition, Ellison acquired no right to the property. 4 Kent Com. 136, 138, 143 ; 1 Parsons Cont. 449, and cases cited ; 1 Chit. Pl. 312 ; Chit. Cont. 748 ; *First Parish in Quincy* v. *Spear*, 15 Pick, 144. The property, then, at the expiration of thirty days, was absolutely in the defendant. Ellison's right was gone, and he was a mere bailee of the defendant

It may be urged that, though the sale was conditional, still, as it was not in writing and recorded, it was not valid as against attaching creditors. But it had become impossible for Ellison to perform. The forfeiture was complete. Ellison had possession, but he had nothing but possession. There was no conditional sale in existence, and the statute does not apply.

—— ——, for the plaintiff.

The sale was conditional. The defendant failed to maintain his title by failing to comply with the requirements of No. 51, Sts. 1872.

The opinion of the court was delivered by

REDFIELD, J. The stag was attached as the property of one Ellison. Defendant had bargained it to Ellison for $45. Ten dollars was paid down ; and the residue was to be paid in thirty days, or, as defendant testified, the trade was to come to an end, the stag to be returned, and the $10 forfeited. The court directed a verdict for the plaintiff.

The statute of 1872, No. 51, provides that " no lien reserved on property sold conditionally  .  .  .  shall be valid against attaching creditors or subsequent purchasers without notice, unless the vendee of such property shall take a written memorandum  .  .  .  which memorandum shall be recorded." No memorandum was made in this case, and the property was attached after the thirty days expired.

If, by the contract, Ellison had no right to purchase or redeem the stag, and no duty on his part to pay for the stag, and the defendant was the absolute and unconditional owner, and had no right to enforce payment for the stipulated price, then defendant " had no *lien* on the stag as sold conditionally," and Ellison had no interest in the stag. The testimony on the part of the defendant tended to show and prove that all · rights under the contract came to an end within the thirty days, and that this was purposely so, in reference to the statute, for if it continued a conditional sale after that, the law required a memorandum to be recorded. We think the case, under proper instructions, should have been submitted to the jury.

*Judgment reversed, and cause remanded.*