## WARREN THOMPSON *v.* WALTER K. WARNER.

### *Referee.   Conclusiveness of findings.*

Where, by consent of parties, a case is sent to a referee, whose decision is to be "final and conclusive," his report is, in effect, an award between the parties, and its conclusions cannot be disturbed for any error in law or fact, unless the report submits some question to the court for determination.

This was an action of trespass for entering upon the plaintiff's land and changing the course of a stream flowing thereon.   The case was referred and was heard upon the referee's report, at the September Term, 1889, Powers, J., presiding.   Judgment for defendant.   The plaintiff excepts.

The rule of reference was as follows :

"It is ordered by the court, by the consent of the parties, that this cause be referred to the determination of John Howe, of Castleton, Esquire, the report of whom, made to this court at the next term, shall be final and conclusive between the parties, the said referee to notify the parties of the time and place of meeting.   And if either party, after being duly notified, shall neglect to attend, the referee may proceed *ex parte.*

HENRY H. SMITH, Clerk."

The referee, after stating the claims of the parties and his findings with reference thereto, made the following award :

"Therefore, I do award and determine that the said Walter K. Warner is guilty of the trespass, in manner and form as the said Warren Thompson in his declaration hath alleged, and I do assess the damages of the said Warren Thompson, by reason of the trespass aforesaid, at the sum of one dollar, and do also award that judgment be entered up by the said County Court for the said Warren Thompson against the said Walter K. Warner, as well for the said sum of one dollar as for the costs of suit, together with the cost of the reference taxed and allowed by me at $7.05, as in the bill annexed."

The defendant claimed that the referee had failed to find the facts as shown by his undisputed evidence, and had misconceived the law on the facts found.

*Geo. E. Lawrence,* for the plaintiff.

The case was referred by consent of parties, and the report was to be conclusive. The referee submits no question of law or fact to the court, hence there is nothing for the court but to enter judgment according to the report. *Morse* v. *Beers,* 51 Vt. 359.

*Fayette Potter,* for the defendant.

The opinion of the court was delivered by

Munson, J. By consent of the parties, this case was sent to a referee for determination. It was provided in the rule of reference that the report of the referee should be final and conclusive. The referee has fully disposed of the case, and we see no ground on which his decision can be reviewed. The parties did not stipulate that the case should be decided according to law. The referee has not submitted any question of law to the court, and it does not appear from his report that he intended to decide the matter strictly according to law. Nothing appears in the report from which the court can be satisfied that the referee, through any misapprehension, reached a result different from what he intended. The statement by a referee of the grounds of his decision will not be taken to authorize a revision of his findings, unless it clearly appears that he thereby intended to submit the correctness of his conclusions to the court. It is not necessary to consider this report further. As the case stands, the legal conclusions of the referee are not subject to revision. He was the tribunal selected by the parties for the settlement of their controversy. They submitted the law as well as the fact to his determination, and agreed to abide by his decision. Under a rule of reference like this, the referee is in effect an arbitrator, and his decision can be questioned only for causes for which an award of arbitrators would be set aside. *Hazeltine* v. *Smith,* 3 Vt. 535; *White* v. *White,* 21 Vt. 250; *Cutting* v. *Stone,* 23 Vt. 571; *Kimball* v. *Baxter's Estate,* 27 Vt. 628; *Morse* v. *Beers,* 51 Vt. 359.

*Judgment reversed and judgment for plaintiff.*