FANNY C. HURLBURT *v.* PASCAL MILLER'S ESTATE.

January Term, 1900.

Present : TAFT, C. J., ROWELL, TYLER, MUNSON, THOMPSON and WATSON, JJ.

Opinion filed February 8, 1900.

*Probate appeals—Discretionary reference—*It is discretionary with the County Court to appoint a referee to try and determine an issue of fact joined in an appeal from the decision of commissioners to allow claims against the estate of a deceased person.

*The same—Constitutional law—Jury Trial—V. S. 2595—V. S. 1437—*In such a case the parties are not entitled to a jury trial as a matter of constitutional right, and the statutory right conferred by what is now V. S. 2595 is qualified by the later enactment embodied in V. S. 1437.

APPEAL from the disallowance of the plaintiff's claim by the commissioners on the estate of Pascal Miller. The plaintiff declared in general assumpsit. The defendant's pleas were, the general issue, payment, accord and satisfaction, the statute of limitations and offset. Franklin County, September Term, 1899, *Start*, J., presiding. The court, on motion of the defendant, and against the objection of the plaintiff, referred the cause. The plaintiff excepted.

*C. G. Austin* for the plaintiff.

*Wilson & Hall* for the defendant.

ROWELL, J. The question is whether the county court has power to appoint a referee to try and determine an issue of fact joined in an appeal from the decision of commissioners to allow claims against the estate of a deceased person. Section 2595 of the Vt. Sts. provides that if a question of fact is to be decided in such an appeal, issue may be joined thereon under the direction of the court and a trial had by jury. In *Lynde v. Davenport*, 57 Vt. 597, it was held that this section, which was then sec. 2279 of the Revised Laws, gave a right to such a trial. But in 1884, which was after that case arose, a statute was passed that empowered the county court to appoint referees in cases in which the issue of fact is not such as to entitle the parties to a jury trial as matter of right under the constitution. This provision of that statute is now embodied in V. S. 1437. It is settled that in probate appeals the parties are not entitled to a jury trial as matter of right under the constitution ; and as the act of 1884 was passed subsequent to what is now V. S. 2595, it qualifies the right to a jury trial thereby conferred, and makes it discretionary with the county court. *In Re Welch's Will*, 69 Vt. 127.

*Judgment affirmed and cause remanded.*