# CASES ARGUED AND DETERMINED

## IN THE

# SUPREME COURT OF VERMONT.

---

HENRY J. POLLARD  v.  WESLEY BARROWS  and  WILLIAM
CAPRON.

May Term, 1904.

Present: ROWELL, C. J., TYLER, START, WATSON, STAFFORD, and
HASELTON, JJ.

Opinion filed August 8, 1904.

*Reference—Effect—Exceptions to Report—Evidence—Pleading—Amendment.*

When the referee submits to the court the question whether certain
evidence is inadmissible simply because it tends to show tres-
passes other than those described in the declaration, and there
is no claim that it is otherwise inadmissible, the court will con-
sider the question, though no exceptions are filed to the report.

When a case is referred, it is the *cause* of action that is referred, and
all questions of variance between the declaration and the proof
are waived by the reference.

An amendment must be refused only when it changes the form of
action, or introduces a new cause of action.

In an action of trespass, when the case is referred, and the defendants
know that the question is whether they have cut timber on that
part of plaintiff's land where they had a license to cut, or on an-

other part thereof, the referee properly admitted evidence of tres-
passes on a different part of plaintiff's close than that described in
the declaration.

In an action of trespass, when the case had been referred, and the
referee reported that defendants committed no trespass on that
part of plaintiff's land described in his pleadings, but did tres-
pass upon another part thereof, the court properly allowed an
amendment which made the description of the land trespassed
upon correspond with the findings in the report.

TRESPASS QUARE CLAUSUM to recover treble damages, un-
der V. S. 5020, for cutting timber. Pleas, the general issue,
and *liberum tenementum*. Replications, *similiter*, and new
assignment. Rejoinders, not guilty, and license; surrejoinder,
traversing the plea of license, and joining issue on the plea
of not guilty. Heard on a motion to amend the new assign-
ment, and on the report of a referee, at the December Term,
1903, Windsor County, *Munson*, J., presiding. Motion
granted, and judgment on the report for the plaintiff. The
defendant excepted.

The misdescription in the new assignment resulted from
an error in giving the points of compass locating the point
begun at, and for the courses and distances. The opinion
states the other facts.

*Charles Batchelder* for the defendants.

There was no need of filing exceptions to the report in
order to properly bring before the court the question of the
admissibility of the evidence before the referee. *Walton* v.
*Walton's Est.*, 63 Vt. 515; *Wiley* v. *Laraway*, 64 Vt. 559.

Upon a reference, an amendement is never treated as
having been made, if such amendment would introduce a new
cause of action, and this amendment would do that. *Water-
man* v. *R. Co.*, 30 Vt. 610; *Chaffee* v. *Rutland R. Co.*, 71 Vt.
384; *Daley* v. *Gates*, 65 Vt. 591; *Swerdferger* v. *Hopkins*, 67

Vt. 136; *Bowman* v. *Stowell,* 21 Vt. 314; *Carpenter* v. *Gookin,* 2 Vt. 495.

*F. C. Southgate* for the plaintiff.

No exceptions to the report having been filed, all objections and exceptions to the admissibility of testimony are waived. *Manning* v. *Leighton,* 66 Vt. 56; *Wilder* v. *Stanley et al.,* 49 Vt. 105.

If the description is not sufficient it was remedied by the reference. *Waterman* v. *R. Co.,* 30 Vt. 610; *Lyndon Granite Co.* v. *Farrar,* 53 Vt. 585; *Dennis* v. *Stoughton,* 55 Vt. 371; *White's Est.* v. *White's Est.,* 69 Vt. 360; *Windham Prov. Inst.* v. *Sprague et al.,* 43 Vt. 502; *Spaulding* v. *Warren,* 25 Vt. 316; *Hicks* v. *Cottrill,* 25 Vt. 80.

The court had power to allow this amendment. *Lycoming Fire Ins. Co.* v. *Billings,* 61 Vt. 310; *Haskins* v. *Ferris,* 23 Vt. 673; *Bowman* v. *Stowell et al.,* 21 Vt. 309; *Stevens* v. *Hewitt,* 30 Vt. 262; *Eddy* v. *Sprague,* 10 Vt. 216; *Trescott* v. *Baker,* 29 Vt. 459; *Cook* v. *Carpenter et al.,* 34 Vt. 121; *Boyd* v. *Bartlett,* 36 Vt. 9.

TYLER, J.   This action is brought to recover treble damages of the defendants, under V. S. 5020, for their alleged cutting of timber upon the plaintiff's close.   The case comes to this Court upon a question submitted by the referee and upon an exception allowed the defendants to the action of the court below in granting the plaintiff's motion to amend his replication and new assignment, which motion was made after the referee's report was filed, and to the rendering of judgment for the plaintiff on the report after the amendment.

In the original declaration the premises upon which the trespasses were alleged to have been committed are only

described as the plaintiff's close situated in the town of Bridgewater. The defendants pleaded not guilty and that said close was their own. The plaintiff filed a replication and a new assignment, bounded the close, and alleged that it was a different close from the one mentioned in the defendants' second plea. The defendants pleaded not guilty and a license from the plaintiff to commit the acts alleged in the new assignment as trespasses. The plaintiff traversed the defendants' plea of license and joined issue upon the plea of not guilty.

The referee found that the plaintiff had good title to the farm described in his declaration, that he had occupied it more than twenty years, and that it included the land mentioned in his declaration and all the land upon which it appeared that any cutting of timber had been done by the defendants or either of them.

It is found that prior to the trespasses the plaintiff sold to the defendants by contract the standing timber upon twenty-five acres of his farm, giving a description of the land, but it is further found that: "This description does not correspond to the land upon which the defendants had been cutting, and is not a description of the land upon which the timber sold by the plaintiff to them then stood."

The plaintiff made a wrong description, in his new assignment of the land trespassed upon, for the referee finds that the defendants cut no timber upon the land described by the plaintiff in his replication. But he finds that: "The defendants did cut timber growing on the plaintiff's land without the leave of the plaintiff, who was the owner thereof, not acting through any mistake; and neither of them had any reason to believe that the timber so cut by them was on the

land upon which they, or either of them, were permitted to cut."

It therefore appears that the plaintiff's evidence did not tend to support his replication, and it was received subject to the defendants' objection and exception.

The referee states that: "After the evidence was closed the plaintiff gave notice of a motion for leave to amend his replication by changing the names of points of compass therein so that the description should correspond with that of the premises upon which his evidence tended to show the trespasses to have been committed by the defendants."

1. The referee submitted to the court all questions of law arising on the reception of evidence, thus making the correctness of his findings dependent upon the decision of the court.

The case presented is that the trespasses were committed upon the plaintiff's farm mentioned in his declaration; that in his new assignment he misdescribed the land upon which the trespasses had been committed, and that the defendants were not surprised by the plaintiff's evidence as to the place where the cutting was claimed to have been done.

The plaintiff contends that the case is not before this Court because the defendants filed no exceptions to the report. If the defendants had claimed that improper evidence was admitted by the referee, exceptions to the report should have been filed and a transcript of the testimony brought up, so that the court below could have decided the question of its admissibility. *Graham* v. *Stiles,* 38 Vt. 578. But here the defendants do not claim that the evidence was inadmissible otherwise than that it did not relate to trespasses upon any land described in the replication. It was in this view that the referee submitted to the court the question

whether the plaintiff's evidence in respect to the alleged trespasses was admissible under his declaration and replication.

2. The evidence was admissible. It is the settled rule in this State that it is the *cause* of action that is referred, and that all questions of variance between the declaration and the proof are waived by the reference. Rob. Dig. 600, pl. 5 and 6. It is disallowed only when the amendment changes the form of action, or introduces a new cause of action. Rob. Dig. 600, pl. 7; Rob. Dig. Sup. 250, title, Pleadings; *Walton* v. *Walton's Estate,* 63 Vt. 513, 22 Atl. 617; *White's Estate* v. *White's Estate,* 69 Vt. 360, 37 Atl. 1114.

In this case the cause of action was tried by the referee; the defendants knew that the only question was whether the cutting of timber was done by them upon lands where they had license by their contract to cut, or upon another part of the plaintiff's close, so that they were placed at no disadvantage; and it is clear that the misdescription could have been cured by an amendment. These facts bring the case within the rule laid down in the cases cited. There was no error in the allowance of the amendment which made the description of the land trespassed upon conform to the finding in the report.

*Judgment affirmed.*