## FRANK LAMB *v.* MORRIS ZUNDELL.

### May Term, 1905.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON, HASELTON, and POWERS, JJ.

Opinion filed November 23, 1905.

*Contracts—Consideration—Officer's Interest in Attached Property—Recovery of Price by Officer—Reference—Effect on Pleadings—Amendment to Conform with Proof—Trustee Process—Liability of Trustee—Pleading—General Issue—Evidence—V. S. 1374.*

Where an officer, having attached certain iron on several writs, while the attachments were in force permitted the representative of the defendant in the attachment suits to sell the iron on the agreement of the purchaser with the officer to pay the latter the purchase price, the surrender of the officer's special property in the iron was a sufficient consideration for the purchaser's promise to pay; and the officer may recover against the purchaser, though his writs have been satisfied by execution sales of other property attached.

In general assumpsit by an officer to recover the purchase price of property sold after he had attached the same, the case having been referred by the parties, it was immaterial whether general assumpsit would lie, since by the reference the cause of action was referred, and the declaration was adaptable by amendment to the facts found, without changing the nature of the action.

Plaintiff, who was a deputy sheriff, having attached certain iron on
    several writs, permitted it to be sold on purchaser's agreement to
    pay the price to plaintiff. After having made plaintiff à partial
    payment, the purchaser was summoned as trustee in a suit against
    the attachment defendant, and suffered judgment therein by de-
    fault, and paid the judgment. *Held,* that, plaintiff's writs having
    been satisfied out of other property, plaintiff, in an action against
    the purchaser for the price of the iron, was the "representative"
    of the attachment defendant, within the meaning of V. S. 1374,
    discharging a trustee from demands by a defendant for credits
    paid by force of a trustee judgment, and allowing the trustee, as
    against such defendant or his "representative," to give evidence
    of such special matter in discharge under the general issue.

GENERAL ASSUMPSIT. Plea, the general issue. Heard
on the report of a referee and exceptions thereto at the June
Term, 1905, Orange County, *Powers,* J., presiding. Excep-
tions overruled; and judgment on the report for the plaintiff
for $197.52. The defendant excepted. The referee found
that the trustee judgment paid by the defendant was $179.14.

*C. H. Williams* for the defendant.

The contract relied upon was without consideration mov-
ing from the plaintiff. It was a naked promise to pay him.
*Hall* v. *Huntoon,* 17 Vt. 244; *Fugure* v. *Montreal So. of St.
Jo.,* 46 Vt. 369; *Powers* v. *N. E. Fire Ins. Co.,* 69 Vt. 494;
*Unity* v. *Allen,* 71 Vt. 381.

*David S. Conant* for the plaintiff.

ROWELL, C. J. The plaintiff, as deputy sheriff, had sev-
eral writs in his hands against the Bradford Paper Company
in favor of its creditors, whereon he attached certain real estate
and some scrap iron as the property of the company. There-
after, and while the attachments were in force, the defendant,
to the knowledge and with the acquiescence of the plaintiff,

purchased the iron of one Homer, a member of said company, and at the same time it was understood and agreed by the plaintiff, the defendant, and Homer, that the money should be paid to the plaintiff, and the defendant then and there agreed to pay it to him, and subsequently did pay to him a considerable part of it, and would have paid the rest had he not been adjudged trustee in a suit against the company and paid the judgment.

It appears that the claims of all the attaching creditors whose writs the plaintiff served were fully paid and satisfied by execution sales of the real estate attached, so that the iron was thereby released from the attachments; and this we understand was before this suit was brought.

The defendant objects that the plaintiff cannot recover because the legal right is not in him. But at the request of the defendant, implied if not expressed, the plaintiff conferred a benefit upon the defendant by allowing him to purchase and have the iron, in which the plaintiff had a special property as attaching officer, and that benefit was a sufficient consideration for the defendant's promise, which was induced thereby, and made to the plaintiff and no one else.

But the defendant says that general assumpsit will not lie. It is immaterial whether it will or not, for if not, the declaration is adaptable by amendment to the facts found, without changing the nature of the action, the case having been referred by the parties, and thereby the cause of action.

The defendant did not appear and disclose when he was trusteed, but was defaulted and adjudged trustee and paid the judgment, and now seeks to avail himself of that payment under the general issue, to which the plaintiff objects that the defendant should have disclosed, and have pleaded the payment specially.

But as the claims of the attaching creditors have been fully paid and satisfied, the plaintiff is suing solely for the benefit of the defendant in the trustee suit, which is the Paper Company, and to which alone he is accountable for all he recovers here; and so he stands as its representative within the meaning of V. S. 1374, which discharges a trustee from demands by the defendant for credits paid by force of a trustee judgment, and allows him when afterwards sued therefor by the defendant or his representative, to give evidence under the general issue of the special matter in discharge.

*Judgment reversed, and judgment for the plaintiff for $18.38, with interest thereon from the commencement of the suit.*