HENRY H. GORDON'S ADMR *v.* C. A. HOTCHKISS.

May Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed October 12, 1909.

*Reference Under P. S. 1793—Nature—Pleadings—Statute of Limitations.*

It is the cause of action that is referred by a reference under P. S. 1793, and before the referee the defendant may, without pleading it, make any defence that would avail him under any appropriate plea constituting an answer to the alleged cause of action.

A general reference under P. S. 1793 holds the referee to the rules of law, and is not in the nature of an arbitration, unless the terms of the reference otherwise indicate.

On a referee's report, from a reference under P. S. 1793, the pleadings are to be treated by the court as adapted to the facts found.

GENERAL ASSUMPSIT. Plea, the general issue with notice relying on the Statute of Limitations. Heard on the report of a referee, and exceptions thereto, at the March Term, 1909, Franklin County, *Miles,* J., presiding. Judgment for defendant. The plaintiff excepted. The opinion states the case.

*C. G. Austin & Sons* for the plaintiff.

*Lee S. Tillotson* and *Charles D. Watson* for the defendant.

HASELTON, J. This was an action of general assumpsit brought by the plaintiff as administrator of the estate of Henry H. Gordon, deceased. The case was tried by a referee who heard evidence in support of the defence of the Statute of Limitations, and whose report shows that that defence was made out. The defendant pleaded the general issue with notice of the defence of the statute. The plaintiff claims that the plea and notice were not seasonably filed, and that the notice is defective in substance. These claims it is not necessary to examine, for the case having been referred, the defendant might make any defence

that would avail him under any appropriate plea constituting an answer to the plaintiff's alleged cause of action; and the plea of the Statute of Limitations would have been such an answer. It was the cause of action that was referred and that was tried by the referee. *Lamb* v. *Zundell,* 78 Vt. 232, 62 Atl. 33; *Pollard* v. *Barrows,* 77 Vt. 1, 58 Atl. 726; *Grand Isle* v. *Kinney,* 70 Vt. 381, 41 Atl. 130; *White's Estate* v. *White's Estate,* 69 Vt. 360, 37 Atl. 1114.

The above cases arose since the enactment of what is now P. S. 1793, under which a reference is not a mere arbitration. But before the enactment of this statute a reference was not a mere arbitration if the cause was referred "to be heard and decided according to law," a form of reference familiar to the older members of the bar, and so there is a class of cases decided before the enactment of this statute which are in point. *Phelps* v. *Hubbard,* 51 Vt. 489; *Carter* v. *Howard,* 39 Vt. 106; *Cook* v. *Carpenter,* 34 Vt. 121, 80 Am. Dec. 670; *Briggs* v. *Oaks,* 26 Vt. 138; *Spaulding* v. *Warren,* 25 Vt. 316; *Hicks* v. *Cottrill,* 25 Vt. 80; *Eddy* v. *Sprague,* 10 Vt. 216; *Davis* v. *Campbell,* 23 Vt. 236.

In referring to the last case cited, 23 Vt. 236, it should be noted that in the first headnote the words "probate court" should be read "county court."

The case of *Carter* v. *Howard,* 39 Vt. 106, above referred to, is full authority for the proposition that "the Statute of Limitations may be a defence before a referee without having been pleaded." In the oral argument of the instant case it was claimed that Judge Barrett, who delivered the opinion in the Carter case, threw doubt upon that proposition by saying in the course of that part of the opinion relating to the matter: "We will defer any further discussion of the subject till the next case is before us on the same point." But this remark followed a review of earlier cases and the indorsement of the doctrine "that the defendant may interpose any defence to the plaintiff's right of action before the referee that he could interpose if the case were on trial in the county court under any form of pleading that would be an appropriate answer to the alleged cause of action"; and the remark was by way of an intimation that notwithstanding the settled character of the law involved another case raising the same point would most likely be pre-

sented.  A careful reading of the first part of the opinion makes the meaning of the passage unmistakable.

The difference betwen the practice which now obtains and that which prevailed prior to the Act of 1884, which is now P. S. 1793, is that before that act a general reference, without more appearing, was in effect an arbitration, and that since the passage of the act in question a general reference holds the referee to the rules of law and is not in the nature of an arbitration unless the terms of the reference otherwise indicate. *Craigue* v. *Hall,* 73 Vt. 104, 50 Atl. 806; *Powers' Estate, In re,* 65 Vt. 399, 26 Atl. 640; *Thompson* v. *Warner,* 62 Vt. 186, 20 Atl. 596; *Melendy* v. *Spaulding,* 54 Vt. 517; *Smith* v. *Paint Co.,* 52 Vt. 469; *Morse* v. *Beers,* 51 Vt. 359; *Cutting* v. *Stone,* 23 Vt. 571; *Steen* v. *Wardsworth,* 17 Vt. 297.

In applying the above cases to the question of the effect of a general reference it is to be borne in mind that the existing reference law came into effect after the decision in *Melendy* v. *Spaulding,* 54 Vt. 517, and before the decision in *Thompson* v. *Warner,* 62 Vt. 186, 20 Atl. 596.

After the filing of the referee's report and before hearing thereon, the defendant moved, as matter of right, for leave to file a plea of the Statute of Limitations.  The plaintiff objected on various grounds but the court granted the defendant leave to file his plea and the plaintiff excepted.  It is now claimed that it was error for the court to allow the plea to be filed, and that in any event the defendant had no legal right to file it; and that the court permitted it to be filed in recognition of such claimed legal right and not in the exercise of its discretion. It can hardly be said to appear from the exceptions that the filing of the plea was permitted by the court otherwise than in the exercise of its discretionary power, but no discussion of this question is called for.  It was the duty of the court, on the report of the referee, to render the judgment which it did irrespective of the actual filing of a plea setting up the defense of the Statute of Limitations.  The pleadings are, in such a case, to be treated as adapted to the facts found.  *Lamb* v. *Zundell,* 78 Vt. 232, 62 Atl. 33; *Dennis* v. *Stoughton,* 55 Vt. 371; *Ross* v. *Draper,* 55 Vt. 404; *Granite Co.* v. *Farrar,* 53 Vt. 585; *Phelps* v. *Hubbard,* 51 Vt. 487; *Davis* v. *Campbell,* 23 Vt. 236.

31

Reference is made, in one of the briefs of counsel, to compulsory references in cases in which there is no constitutional right to a trial by jury; but the provision for such references was repealed by No. 63, Laws of 1906, which went into effect before the referee herein was appointed, and, besides, this case appears to be one that before such repeal could have been referred only by agreement of parties. There is, therefore, a double reason for declining to consider the procedure in cases referred without an agreement of parties, cases like *Hulburt* v. *Miller's Estate,* 72 Vt. 110, 47 Atl. 393, which was a probate appeal referred against the objection of the plaintiff.

*Judgment affirmed.*