## BUGBEE v. BLOOD.

### Husband and Wife.   Agent.

The husband cannot be made liable without his consent, upon contracts made by the wife in her own name and on her own behalf, and where the credit is given to her and not to him.

ASSUMPSIT.   Plea, the general issue, and trial by jury, December Term, 1873, BARRETT, J., presiding.

Plaintiff gave evidence tending to prove that in July, 1871, Mrs. Blood, wife of defendant, applied to the plaintiff, who is a blacksmith by trade, and also carries on the business, to some extent, of making wagons, to make for her what she called a " school omnibus," and put on the wheels or running part of a carriage she then had ; that she described what she wanted, as a carriage having seats upon each side and fore end, door behind, driver's seat in front, and open from the driver's seat so that the driver could see to the children, with curtains on each side ; that she inquired of the plaintiff whether he could make such a carriage, and the expense ; that plaintiff told her he thought he could make such a carriage, and thought the expense would be about $100 ; that she objected to the price, and was not willing to pay over about $75, and it was finally agreed between them that the plaintiff should make such a carriage for her at the cost of not exceeding $75, which was to cover everything, including painting the body ; that he made such a carriage, and it was taken from his shop by two young sons of Mrs. Blood in the fore part of August, 1871, and had never been paid for.

Defendant gave evidence tending to prove that the carriage was taken to the residence of Mrs. Blood in Norwich (the plaintiff living in Hartford), and was used once, soon after, by her servants and children, to go to Lebanon, N. H., and was not used thereafter except being driven about the village of Norwich for trial, and that the carriage was so constructed that it was wholly worthless.   Defendant further gave evidence tending to prove that

63

Mrs. Blood lived in Norwich with her children, in a house owned by herself, and owned the horses and carriages kept by her, and bought property and supplies for the family on her own account and in her own name; that defendant lived in· New York, and was at Norwich but two or three times a year, and then but a few days at a time, and that he had nothing to do with the care or management of the family.· There was no evidence that he ever had any knowledge of this contract between the plaintiff and Mrs. Blood about said carriage.

It appeared that plaintiff kept a carriage-making shop, and employed workmen in the business of making the wood work of carriages.

Evidence on the part of plaintiff tended to show that defendant was a native of Norwich ; that his family, consisting of his wife and several children, have generally resided there ; that defendant has from time to time been there with them, though his general business has been in the city of New York ; that he has no other family and no other home, and has been owning considerable real estate in said Norwich. Also, that said use of the carriage was soon after it was taken away from plaintiff's shop ; and that very soon after such use, and while it was still out for further use, defendant was with his family in Norwich, and saw the carriage, and made inquiries of his wife about it, accompanied by some disparaging remark, and thereupon it was stowed away upon the premises where the family lived, and that this was several months before any complaint was made to the plaintiff about the carriage, or he had knowledge of such complaint. Other questions were raised, but are not considered by the court.

Defendant requested the court to charge that defendant was not liable for said carriage.

The court declined to charge as requested, but charged that the wife binds the husband by contracts as his agent, and that such agency may be express or implied ; and after stating the facts in the case, told the jury that when a man leaves his wife in charge of the family in such a way as that, there is carried with it an implied agency that the wife may do whatever is needful, and in the usual course of the support of the family, that so far as she was permitted to do that by her husband, ostensibly, and to the

apprehension of the community, thereby she had the authority of her husband to do just that class of things. His permitting her to do that without notice or knowledge to the contrary, or an authorization on his part, would carry an implication of authorization from him to do just what she was doing ; and submitted to the jury to say whether the procuring a " school omnibus," to carry out her children, was within the headship, control, and management of her family, consistently with the permission that it might be inferred she had to do those things ; and if it fell within the scope of what she was doing with the implied permission of her husband, it would carry with it an implication of an authority or agency, and he would be liable.

The charge was full and satisfactory in all other respects. To the refusal to charge as requested, and to the charge as given, the defendant excepted.

*W. C. French,* for defendant.

The defendant is not responsible for this carriage. The wife has an implied authority to bind her husband for necessaries, but not beyond this. Schoul. Dom. Rel. 76 ; Necessaries are food, clothing, medicine, etc. Ib. 77, 79, *et seq.* The wife has no authority to bind her husband's property. *Green* v. *Sperry,* 16 Vt. 390. Nor to procure a set of mineral teeth for herself on his credit, without his consent. *Gilman* v. *Andrus,* 28 Vt. 251. The fact that the wife has separate means, is important to be considered on the question of implied authority. 1 Parsons Cont. 288.

If it should be claimed that it was proper to order this carriage on the ground of necessaries, that question should have been submitted to the jury. 1 Parsons Cont. 288.

Defendant is not liable, as the credit was given to the wife. *Carter* v. *Howard,* 39 Vt. 106 ; *Partridge* v. *Stocker,* 36 Vt. 108 ; Schoul. Dom. Rel. 83.

———— ————, for plaintiff.

The question of the liability of defendant should be considered with reference to the facts of the case, and therefore became a question for the jury, under such instructions as are shown by the exceptions. *Felker* v. *Emerson,* 16 Vt. 653 ; *Orcutt* v. *Estate of*

*Cook*, 37 Vt. 515. It appears by the exceptions that soon after the carriage was taken from plaintiff's shop, and " while the same was still out for further use," defendant was at home, saw it there, made inquiries of his wife about it, and, after comment upon it, had it stowed away on the family premises, never offering to return it, nor expressing any dissatisfaction to plaintiff, either by himself or any one, until several months after, when the pay is asked for. We say, then, that there being no lack of evidence to predicate the charge, the proposition of law on this point is correct as charged.

The opinion of the court was delivered by

WHEELER, J. According to the bill of exceptions, the plaintiff's evidence tended to show that Mrs. Blood, wife of the defendant, applied to the plaintiff to have him " make for her" the school omnibus in question, and that after negotiations " it was finally agreed between them that the plaintiff should make such a carriage for her," at the agreed price ; and this statement of the making of the contract is not in any way varied or affected by anything else that is stated in the exceptions. And according to this statement, he and she, and not he and the defendant, were the contracting parties, and he must have relied upon her undertaking to perform her part as the consideration for his performance of his. Having given credit to her nothwithstanding her relation to the defendant, he could not afterwards transfer the contract from her to the defendant, without at least the defendant's consent, so as to make her undertaking a liability of the defendant. *Carter* v. *Howard*, 39 Vt. 106. As before stated, there is nothing that appears in the case that in effect varies this result. She did not in fact act as the agent of the defendant in this business ; for the undisputed evidence tended to show that she owned the house in which she and her children lived, and the horses and carriages she kept, bought the supplies on her own account and in her own name, and that he had nothing to do with the care or management of the family. Therefore, this business with the plaintiff was her own and not the defendant's ; and as he was not in fact the principal, he could not, correctly, be said to

have in fact any agent in it. Neither had he, so far as the case shows, held her out as his agent in fact, by authorizing the transaction of any similar business by her for him, or by adopting any that she had done without authority. The only ground on which the plaintiff can, with any show of reason, claim that she bound the defendant is, that she was such an agent for him as men's wives usually are for them, and that ordinarily a wife might in her husband's absence bind him in such a transaction. But whatever a wife might do if she undertook it, or however a husband might be bound by what his wife did that was for him, in this case as it now stands, this wife did not undertake to act for her husband in this matter, nor did she in fact act for him or pretend to the plaintiff that she did. She was the defendant's wife, and he permitted her to reside at Norwich, and to transact such business for herself as wives usually, in the absence of their husbands, transact for them, and to that extent and that only, he held her out as a person who might in such business act for him ; but, so far as appears, the plaintiff was not thereby at all led to suppose that she was acting for the defendant in the business with him, nor in any way influenced in his dealing with her by these circumstances, and therefore there is no ground for the plaintiff to claim that it is any hardship to him for the defendant to insist, and be allowed to stand, upon his relation to the transaction as it in fact was had, that is, as a transaction between the plaintiff and the defendant's wife, he acting for himself and she for herself, binding no other persons. And when the defendant found out about the omnibus, it is to be presumed that he learned of the transaction as it was, if it is presumed he learned about it at all, more than is stated ; and when he found out all about it, if he did, there was nothing in it to require him to do anything about it, and his omission to do under those circumstances, would not make him liable.

For these reasons, the judgment must be reversed, and so far as is now apparent, there is no occasion to make any decision upon the other question in the case.

Judgment reversed, and cause remanded.