## JAMES ROBERTS *v.* JOHN KELLEY.

### *Contract. Implied Promise.*

Plaintiff proposed to defendant that he take plaintiff and his wife to board, and, as defendant's wife, who owned the place where she and defendant lived, wished to repair and alter her house before taking them, offered to let defendant have money for that purpose. He accordingly paid defendant money to be so expended, and paid money for labor and materials so used, and delivered to defendant certain wood, hay, grain, and sugar. Defendant was then insolvent, and known by plaintiff to be so, and he never expressly promised plaintiff to pay him for any of the charges, but plaintiff expected to be paid in full, either by board, or by board, and money, from defendant's wife, to make up the deficiency. *Held*, that as the money, &c., expended on the house, was furnished not at the request, nor for the benefit, nor on the credit of defendant, but on the credit of the wife, and for her benefit and the benefit of her separate property, the law would imply no promise on defendant's part to repay it ; but that as the wood, &c., was furnished to defendant for the use of his family, it was for his benefit, and the law would imply a promise on his part to pay therefor.

GENERAL ASSUMPSIT. The plaintiff's specification was for cash paid to the defendant to the amount of $200, cash paid for labor

and building material $268.25, and wood, hay, grain and sugar of the value of $74.10. The defendant specified in offset charges for board of the plaintiff and his wife $350, and for labor and cash paid for labor, building material, &c., to the amount of $366.82. The case was referred, and the referees reported in substance the following facts :

In April, 1874, the plaintiff proposed to the defendant, his son-in-law, that he take the plaintiff and his wife to board, and, as the defendant's wife, who owned the place where she and the defendant lived, wished to make some repairs and alterations in her house before taking them, he offered to let the defendant have money for that purpose ; and accordingly paid the money and furnished the property specified. The defendant proceeded to make the proposed repairs and alterations, and, in doing so, paid out the sums specified in offset for labor and material, but the plaintiff never agreed to pay them or any part of them. After the repairs, &c., were completed, the plaintiff and his wife went to board with the defendant, no agreement having been made as to the price to be paid, and continued to board there for fifty weeks, furnishing their own rooms, and so assisting in the work in the house and on the land that a reasonable sum for their board for the entire time was $225. At the time that arrangement was entered into the defendant was insolvent, and the plaintiff knew it ; and the defendant never promised to pay any of the expense incurred in repairing, &c. ; but the plaintiff expected to be paid in full, either by board, or by board, and money from the defendant's wife, to make up the deficiency.

The referees found that the plaintiff delivered to the defendant the wood, hay, grain and sugar for which he charged $74.10, and that the price charged was reasonable, and allowed the plaintiff's account at $542 65, with interest on the sum of $200, a part thereof, from April 20, 1874, the date of the charge, and on the rest of the account from May 20, 1874, making in all for interest the sum of $107.50. They disallowed all the defendant's account except $225 for board, with $35.01 interest thereon. The sum thus left due to the plaintiff on the report was $390.14, which the referees found for the plaintiff to recover, with costs.

Roberts v. Kelley.

At the September Term, 1877, the court, POWERS, J., presiding, rendered judgment on the report for the plaintiff; to which the defendant excepted.

*John Young*, for the defendant.

The credit was given to the defendant's wife, and the plaintiff cannot recover of the defendant. 1 Parsons Cont. 289, n., and cases cited; *Jordan* v. *Dyer*, 34 Vt. 104. The credit having been given to the wife, the husband cannot be made liable except by his subsequent promise. *Partridge* v. *Stocker*, 36 Vt. 108; *Carter* v. *Howard*, 39 Vt. 106; *Bugbee* v. *Blood*, 48 Vt. 497.

But, at all events, if the defendant is bound to anything it is only to permit the plaintiff to board in his family until repaid. The contract was for payment in a particular manner, and payment in money cannot be enforced unless the defendant has refused to perform in the manner agreed. *Downer* v. *Frizzle*, 10 Vt. 541; *Shaw* v. *Shaw*, 6 Vt. 69; *Hawley* v. *Moody*, 24 Vt. 603.

There can be no implied promise to pay for the wood, hay, grain and sugar.

*Crane & Alfred*, for the plaintiff.

The credit was given to the defendant. There was no contract express or implied between the plaintiff and the defendant's wife. The fact that the plaintiff expected payment in whole or in part by way of board can make no difference, as the defendant had control of his wife's property and provided for the family. The plaintiff was therefore boarded by the defendant.

The opinion of the court was delivered by

ROSS, J. On the facts found by the referees, the plaintiff's charges may be considered under two general classes: first, those for money advanced, and bills paid for repairs and alterations on the house owned by the defendant's wife; and second, those for property furnished which went for the general support of defendant's family.

I. In regard to the first class, it is found that the defendant's wife is the daughter of the plaintiff; that the plaintiff proposed to

go with his wife to the defendant's and board ; that defendant's wife thereupon desired to make some repairs and alterations on her house ; that for this purpose the plaintiff let defendant have $200, and paid various bills for material and labor which accrued in making the repairs and alterations ; that the defendant was insolvent, and known to be so by the plaintiff; that the defendant never promised to pay the plaintiff for any of these charges ; and that plaintiff expected payment therefor in whole or in part by board in the defendant's family, and if not fully paid in board, he expected the balance to be paid by the defendant's wife. It is thus found that the defendant made no express promise to pay the plaintiff for these charges. It is not found that the money was advanced nor the bills paid at the defendant's request. All these charges went for the permanent improvement of the defendant's wife's real estate, in which, under the provisions of s. 18, c. 71, Gen. Sts., he had little, if any, beneficial interest. That section not only protects such real estate, but also the rents, issues, and products, and all moneys and obligations arising from its sale, from being taken on the husband's debts. Section 17 gives her the right to dispose of the same by will. Hence, it cannot be said that any of these charges went for the defendant's benefit. It is also found, substantially, that they were made on the credit of the wife so far as they remain unpaid by the board of the plaintiff and his wife. The charges not having been made at the request, nor for the benefit, nor on the credit, of the defendant, the law will not presume or imply a promise on his part to pay them to the plaintiff, or, in other words, compel their payment by him, as it would if he had so promised when the charges accrued. Where no express promise exists, the plaintiff must show the existence of such a state of facts that the law will imply a promise, or enforce payment, notwithstanding the non-existence of such a promise by the defendant. Such a promise will be implied, or payment enforced as though the promise existed, where the consideration of the charges enures to the benefit of the defendant with his knowledge and acquiescence, or under such circumstances that the law presumes that the defendant requested the performance of the acts which occasioned the charges. But the law will

not ordinarily presume a request when the consideration does not at all enure to the benefit of the defendant, nor imply a promise unless the acts are done upon his credit. The expectation of the plaintiff that the balance of these charges above the amount of the board, would be paid by the wife, *prima facie* negatives that the indebtedness sought to be recovered accrued on the credit of the defendant. It is not distinctly found that they accrued on the credit of the wife and on her promise to pay them. If this fact had been found, it alone would have been decisive against the right of the plaintiff to recover them from the defendant. If the plaintiff had chosen the wife as his debtor, he could not afterwards make the defendant his debtor, even by showing that his acts occasioning the charges were beneficial to him, and were done with his knowledge. *Carter* v. *Howard*, 39 Vt. 106 ; *Bugbee* v. *Blood*, 48 Vt. 497. All the facts reported, when considered together, are more consistent with the hypothesis that the charges were made on the credit of the wife than that they were made on that of the defendant. The money was advanced, the repairs and alterations made, at the request of the wife, for the benefit of her property, and with the expectation that she would pay any balance not paid by the board of the plaintiff and his wife. Whether the facts reported will enable the plaintiff to charge in equity the wife's property with the payment of these charges, we have no occasion to consider. It is enough that they do not show that the defendant is liable for their payment, so far as they remain unpaid by the board of the plaintiff and his wife.

II. The second class of charges were furnished for the support of the defendant's family, and were delivered to him. He was under a duty to support his family. They went, therefore, to his benefit. Having received the articles charged, and used them for his benefit, the law implies a promise on his part to pay for them.

The result is that the judgment of the County Court is reversed, and judgment rendered on the report for the plaintiff to recover for the wood, hay, grain and sugar, amounting to $74.10, and interest from May 20, 1874.