## John Wellman vs. Henry Bulkley.

Bennington,<br>*February,*<br>1834.

A statement by one of the referees cannot be considered as any part of a report, unless so made in the report.

It cannot be alleged for error, that the county court accepted a report where the rule· did not follow the agreement of the parties.

In such a case, the objection must be made at the county court, is addressed to their discretion, and their decision thereon is not to be re-examined in the supreme court.

The practice of the courts of Pennsylvania in relation to awards and reports of referees has not been adopted in this state.

This was an action of covenant broken, brought to the county court, where by an agreement of the parties it was referred to the determination of three referees. The following is a copy of the agreement:

"John Wellman ⎫ It is agreed to refer this cause to M.
  *vs.*   ⎬·Clark, R. H. Blackmer, and Samuel Can-
Henry· Bulkley. ⎭ field, by rule of this court.
      S. Swift, *attorney for plaintiff.*
      L. Sargeant, *attorney for defendant.*"

The docket entry was, that the cause is "referred to M. Clark, R. H. Blackmer, and Samuel Canfield."

The order made by the clerk was as follows:

"It is ordered by the court, by the consent of the parties, that this cause be referred to the determination of Myron Clark, Reuben H. Blackmer, and Samuel Canfield Esqs., referees; the report of whom, or a major part of them, made to this

BENNINGTON, court at their September term next, shall be final and conclusive
February, between the parties—the said Myron Clark to be chairman of
1834. said reference, and notify the parties and other referees of the
Wellman time and place of meeting. And if either party, after being
vs. duly notified, shall neglect to attend, the referees may proceed
Bulkley. exparte.                    By order of court,
                              HENRY ROBINSON, Clerk."

A notice from the referees was annexed to this rule, service of which was made on the defendant and accepted by the plaintiff.

The board of referees met and adjourned to the 19th of August, 1833, when two of them reported as follows:

"John Wellman ⎰        Referees and parties met at the time
        vs.        ⎱ and place specified in the rule, and adjourn-
Henry Bulkley. ⎱ ed until the 19th day of August, 1833, at nine o'clock, A. M. at the same time and place—at which time and place referees and parties met, and on a patient hearing of the case decided that the plaintiff hath not supported his action, and therefore find for the defendant to recover his costs.

Dated at Manchester this 19th day of August, A. D. 1833.
              REUBEN H. BLACKMER, ⎰ Referees."
              SAMUEL CANFIELD.    ⎱

" I hereby certify my dissent to the above report.
                              MYRON CLARK, Referee."

Blackmer, one of the referees, on the same day this report was finished, made and signed a statement addressed to the court, particularly assigning the reasons and principles of law upon which the general report was founded.

To the acceptance of the report by the county court, the plaintiff made the following exceptions.

" 1. That the said report was made and signed by two only of the referees agreed upon between the said parties, to decide and determine this suit or cause of action—to wit, Samuel Canfield and Reuben H. Blackmer; whereas, the agreement of reference in this case was, to the decision, determination and report, not only of them, but also of Myron Clark, one of said referees, who appears not to have agreed to and signed the said report, but has entered his dissent thereto.

" 2. That the rule of reference made out in this case does not follow and comport with the agreement of the said parties in the above particulars, requiring a report only of a major part of the said referees; whereas, said agreement of reference was, that the said suit or cause of action was to be referred to the decision and determination of all the said referees, whose report alone could be conclusive in this case between the said parties."

BENNINGTON,
*February,*
1834.

Wellman
*vs.*
Bulkley.

Another exception was made, not connected with the decisions of the court, and therefore unnecessary to be stated here.

The report was accepted by the county court, to which exceptions being taken by the plaintiff and certified, the cause comes here for further adjudication.

*S. Swift for plaintiff.*—It is contended that the report of the referees ought to be set aside for the following reasons, to wit:

1. The agreement of the parties was to refer the cause *to the three referees* named, and not *to them or a majority of them;* and the order of the court was that the cause be referred *to the three.*

When a cause is referred *to three,* all must join in the decision. Arbitrators and referees derive all their authority from the agreement of the parties, and their authority to decide cannot be extended beyond the agreement of the parties.—6 Mas. R. 48, *Towne* vs. *Jacquith*—1 Lev. Dig. 467–469—6 John. R. 39, *Green* vs. *Miller.*

2. Our statute, p. 81, authorizing a reference, is predicated on the same principle, to wit: That the report must be made as the parties shall agree, either by the whole or the major part of them.

3. The rule of reference, as made by the clerk, was not authorized by the agreement of the parties, or the order of the court, and is *clearly erroneous.* It could not confer a power not authorized by the agreement of the parties.

4. The fact that the referees acted under this rule by the procurement of one or both of the parties, cannot amount to a release of any error, or be construed into an abandonment of any rights under the agreement.

If one party is bound by whatever report should be made by a majority, the other must be.

It was no doubt an inadvertence in the clerk in making the rule in the way he did, and equally so in the parties in proceeding under it.

This mistake of the clerk most certainly ought not to prejudice the rights of either party.

In the 1st Dallas R. page 293, *Tetter* vs. *Rafusnyder,* there is a case on this very point.

5. The grounds upon which the two referees, who made the report, presumed to act, is against well-established princi-

ples of law.    And if so, the court will for this cause set the report aside.—3 Vt. R. 535, 538.—1 Saun. 320,

*L. Sargeant for defendant.*—The only question before the court seems to be, whether the report signed by two referees only is valid.

Our statute prescribes the form of a rule and leaves the parties to agree for themselves whether a *majority* or *all* shall report.—Rev. Stat. 81.

In the present case the parties seem not to have settled that point at the time the entry of reference was made upon the docket ; of course it was left for future arrangement.

The next fact which appears in the history of the case is, that the *plaintiff party now complaining applies* to the clerk and prays out his rule in the usual form, empowering a majority of the referees to report—presents this to the referees as the commission under which they are to act, prays out his citation to the defendant, the defendant is served with a copy of the rules and notice, comes before the referees, and both parties acquiesce in and go to trial under the rule as it is.    All this must amount to an agreement ; at all events the plaintiff should be estopped from thus denying the agreement.    It would be trifling with judicial proceedings to sanction such an exception.

The opinion of the court was delivered by

WILLIAMS, C. J.—It appears that this case was referred—that the rule was taken out in the usual form and a report made by the referees, or a major part of them.    There was an additional statement made by one of the referees, but this is no part of the report or case before us.    It would be unsafe to permit a statement made by one of the referees to have any effect on the question of the accepting or rejecting their report. The county court it appears, very properly rejected this statement, and nothing was left but a general report, to which no valid objections appear.    It is objected to the report that the rule did not follow the agreement of the parties—that from the rule a major part of the referees might report, whereas the agreement was to refer to the whole three.    If this formed an exception to the report, it was a question addressed to the discretion of the county court, and their decision thereon is not to be re-examined here.    If they found a mis-entry had been

made by their clerk, they would correct it. The agreement of the parties and the docket minutes were not made a part of the case in the county court, although copies of them are now handed to us. It was found however, that notwithstanding the agreement, and the docket entry were so made, the plaintiff, who now raises the objection, took out the rule from the clerk—that the rule was made out in the form always used in the court on a printed blank.—That notice from the referees was annexed to the rule, service of which was made on the defendant and accepted by the plaintiff—that the parties and referees met and the cause was once adjourned—that they again met, the cause was heard and a report made, and no excpetions taken by the plaintiff because the rule did not follow the agreement. This was stronger evidence that the rule was made in conformity to the understanding of the parties than the writing here produced. At any rate this was a question addressed to the discretion of the county court, and their decision is final. We are aware that in Pennsylvania exceptions to report of referees are treated like motions for new trials and are considered as addressed to the discretion of the court.— This may arise, in some measure, because the courts can there compel an arbitration or reference, as we understand; but the rules which they have adopted in relation to awards and reports of referees, have not been adopted here. The case from Dallas is not recognized as deciding a question similar to the present under the same law in relation to these kind of references. The judgment of the county court, accepting the report of the referees, must therefore be affirmed.