## GRIFFIN *v.* THE CHAMPLAIN MUTUAL FIRE INSURANCE COMPANY ; AND SAME *v.* THE PEOPLE'S INSURANCE COMPANY.

### *Conclusiveness of an Agreement for Reference.*

An agreement for reference was, that the cases should " be decided according to law," and that the decision of the referees should " be final and conclusive, and the judgment be entered upon their report without exceptions." The rule of reference merely ordered the referees to try the issues "according to law," making no reference to the agreement further than to state that the cases were referred "by consent of the parties." *Held*, that all the provisions of the agreement were binding unless waived by the parties ; that the rule, being founded on the agreement, could not supersede it ; and that the decision of the referees was final, and their reports not to be set aside for any mistake of law.

THESE cases were assumpsit on policies of insurance. They were referred, with a like case between the plaintiff and the Windsor County Mutual Fire Insurance Company, at the April Term, 1877, and a rule issued to the referees at the same term. The agreement for reference was in writing and signed by counsel, and stipulated that the cases should " be heard together, and decided accorded to law," and the decision of the referees " be final and conclusive, and the judgment be entered upon their report without exceptions." The rule was, as far as it is material to be stated, as follows : " It is ordered by the court, by consent of the parties, that these causes be referred to the determination of," &c., " to try the issues between said parties according to law, and report to this court at their next September Term." It made no further allusion to the agreement.

On hearing, defendants requested the referees, if they found for plaintiff, to find specially as to certain matters. The referees found for the plaintiff to recover of the People's Insurance Company $925.78, of the Champlain Mutual Fire Insurance Company $2,015.10, and of the Windsor County Mutual Fire Insurance Company $1,828.14 ; and found specially on the subjects of the defendants' requests. On the coming in of their reports at the September Term, 1877, defendants filed exceptions thereto, and

moved for judgments for costs, alleging that it was apparent from the reports and the findings of fact therein, that the plaintiff was not entitled to judgment thereon. The plaintiff moved in each case to dismiss the exceptions, for that, by the terms of the agreement for reference, the referees " were made final and conclusive judges of both the law and the facts in the case, and no exceptions were to be taken by either party to the findings of the referees either as to matters of fact or law." The court, in each case, overruled the exceptions and motion of the defendants, and rendered judgment on the reports for the plaintiff; to which the People's Insurance Company and the Champlain Mutual Fire Insurance Company excepted.

*Davis & Stevens* and *Wilson & Hall*, for the defendants.

The written stipulation under which the cases were referred should not preclude the defendants from having the questions raised by their request, passed upon by the court. *White* v. *White's Exr.* 21 Vt. 250.

The cases were in court and the parties were relying upon their legal rights. They did not intend to waive them by the reference. The controlling stipulation of the agreement was, that the cases should be decided according to law. If the other stipulations conflict with that, which should yield? Certainly not the one that protects the parties in their legal rights. It cannot be claimed that the referees' reports are final upon questions not decided. The material questions, both of law and fact, on which the defence is based, are left undecided. The defendants are certainly entitled to some decision upon these questions.

The cases were referred under a rule of court. The rule provided that they should be tried according to law. That was the authority under which the referees acted; and, so far as the rule differed from the agreement, it superseded it. *Wellman* v. *Bulkley*, 6 Vt. 299.

Both the agreement and the rule of court required the referees to decide the cases according to law. It must be presumed that they intended so to decide them. Otherwise they exceeded their authority, and that would be ground for setting aside the reports.

If they intended to decide according to law, they did not carry out their intention ; the reports, therefore, should be set aside.

In cases of reference, mistakes of fact that would prevent the court from rendering a correct judgment, are sufficient ground for rejecting the report. It cannot be claimed that errors of law, even under the agreement, can stand on any stronger ground than findings of fact, which are ordinarily conclusive. If, on the whole, it appears that there is not enough stated in the report to enable the court to do justice between the parties, the report should be rejected. *Hazeltine* v. *Smith*, 3 Vt. 535 ; *Johns* v. *Stevens*, 3 Vt. 308.

*Noble & Smith*, for plaintiff.

By the terms of the agreement of reference, the finding of the referees was to be final and conclusive, and no exceptions were to be taken to the report. The reference of a case pending in court is always a matter of agreement between parties. The parties appoint their own tribunal, and stipulate by what principles it shall be governed.

They may agree that the referees shall be governed by the rules of law, and that their decision shall be final and conclusive as to both law and fact. Agreements of reference being voluntary, each of their stipulations is binding, for the reason that each is a part of the consideration of the agreement. Caldwell Arbitration, 50, *et seq.*

The opinion of the court was delivered by

DUNTON, J. We think that the agreement by which these cases were referred, clearly provides that all questions of law as well as of fact, were to be finally determined by the referees. By applying the ordinary rules of construction to this agreement, no other interpretation can be given to it. Effect is to be given to all its provisions, if possible, and by no other construction can this be done.

It is claimed, inasmuch as both the agreement and rule of court required these cases to be decided according to law, that it must be presumed that the referees intended so to decide them ;

but if they have mistaken the law, they have not carried out their intention; and, therefore, the reports should be set aside. The parties chose their own tribunal to determine the questions of law and fact arising in the cases, and agreed that their decision should be final and conclusive, and that judgment should be entered upon their reports without exceptions. It was competent for the parties to do this; and, it not being claimed that the referees acted otherwise than honestly, the parties are bound by their decisions of law as well as of fact; and the court will not inquire whether they have decided the questions of law arising in the cases, correctly or not. Morse Arbitration and Award, 86; *Bigelow* v. *Newell*, 10 Pick. 348.

Says STORY, J., in *Kleine* v. *Calara*, 2 Gallis. 61: " It is certainly competent for the parties to submit the law, as well as the facts, to the judgment of referees, and to agree to abide by their judgment. There is neither inconvenience nor impolicy in supporting such an agreement. It is only substituting judges of the parties' own choosing for those who regularly administer the law of the land."

It is also claimed, inasmuch as the rule issued by the clerk in these cases provides that they shall be tried according to law, but neither refers to the stipulation, nor contains a provision that the decision of the referees shall be final, that such rule is the authority under which the referees acted, and, so far as it differs from the agreement, supersedes it. But, were it not for the agreement, no rule of reference would have been made or could have issued. The court has no power to send a case to referees, except by agreement of parties; and all the provisions of such agreement are to be regarded by the court as binding, unless varied or waived by the parties. The court had no power to supersede this agreement by its rule. The agreement was filed in court and became a part of its record of these cases. We fail to see that the parties have done anything to vary, or that amounts to a waiver of this agreement. There is no inconsistency between the rule issued by the clerk and the agreement. The former contains all that was necessary to inform the referees of their duty as to these cases, although it does not state that their decis-

ion is to be final, and judgment is to be entered upon their reports without exceptions. This stipulation of the agreement, omitted in the rule, pertains to the action of the court rather than the referees.

*Wellman* v. *Bulkley*, 6 Vt., 299, to which we have been referred, is not in conflict with the views here expressed. In that case, exception was taken to the report of the referees, for the reason that the rule did not follow the agreement of the parties. The agreement was to refer the case to three referees; but the rule provided that the "report of the major part of them" was to be final. It was held that if this formed an exception to the report, which was signed by only two of the referees, it was addressed to the discretion of the County Court, and their decision thereon was final. That part of the rule of reference which was in conflict with the agreement to refer the case, pertained, in part at least, to the action of the referees; and after the complaining party had taken out the rule, and the case had been heard under it without objection, and two of the referees had signed a report and caused the same to be filed, the County Court might, with propriety, hold that the agreement had been varied by the conduct of the parties, so as to correspond with the rule of reference issued by the court. But the cases at bar stand differently. That part of the agreement omitted in the rule, as before stated, pertains wholly to the action of the court upon the report when filed, and is not in conflict with the rule.

Both the agreement and the rule were before the County Court and made a part of the cases; and judgments therein having been entered for the plaintiff upon the reports, we think the same should be final, according to the agreement; and they are affirmed.