### EDGAR MORSE v. JOHN A. BEERS.

*Authority of Referee to Allow Amendment. Conclusiveness of Report as to Matters of Law. Recommittal of Report. Discretion.*

A referee allowed plaintiff to amend the declaration, but found for plaintiff to recover on the original count only. *Held*, that although he had no authority to allow the amendment, yet, as no amendment was necessary to enable plaintiff to make any proof that he would have been entitled to make under any amendment the court could have allowed, and as plaintiff was found entitled to recover only on the original count, and was for those reasons not prejudiced, there was no revisable error.

The rule of reference ordered that the cause "be referred to the determination" of the referee, and that his report should "be final and conclusive between the parties." *Held*, that although the referee might submit the questions of law to the court, he might decide them as well as questions of fact; and that if he assumed to decide them, his decision would be conclusive.

Defendant moved that the referee's report be recommitted, but the motion was overruled. *Held*, matter of discretion, and not revisable.

ASSUMPSIT. The original declaration consisted of a single count on an award. Plea, general issue, with notice of payment and offset. The case was referred by consent, the rule of reference ordering that the cause " be referred to the determination" of the referee, and that his report should " be final and conclusive between the parties." At the hearing the plaintiff moved to amend by adding the common counts, and the amendment was allowed. The plaintiff's specification consisted of the sum awarded, half of the arbitrators' fees, the sum of $42 for the keeping of horses, and numerous other items. The defendant's specification

in offset also consisted of numerous items.  The referee found
that the parties had before then submitted the matters in differ-
ence between them up to May 1, 1877, to arbitration, and that the
arbitrators had made an award in favor of the plaintiff for $137.10,
of which the defendant had paid $40, and against which he had
obtained a further valid offset of $12.20, both of which items were
included in his specification ; that certain of the items specified
on each side were covered by the award, and that certain other
items specified by the plaintiff came within the time covered by
the submission, but for some reason were not reckoned in the
award, but that the plaintiff ought to recover only the amount of
the award, on which he originally declared, with half of the arbi-
trator's fees and interest, deducting the items of $40 and $12.20,
specified in offset, with interest—or $94.13, and that neither party
should recover for any item that was reckoned in the award, nor,
there having been no accident, fraud, nor mistake, for anything
that came within the scope of the submission.  The referee fur-
ther  found that if the court was of opinion that the plaintiff
should recover the item of $42 for the keeping of horses, he should
recover the same with interest, or in all the sum of $138.98.

The defendant excepted to the report for that the referee had
allowed the plaintiff to amend, and for that he had disallowed cer-
tain items of his specification.  He also moved to recommit the
report.  But the court, at the September Term, 1878, PIERPOINT,
C. J., presiding, rendered judgment on the report for the smaller
sum ; to which the defendant excepted.

*S. H. Davis*, for the defendant.

The referee had no authority to allow the amendment.  *Water-
man* v. *Conn. & Pass. Rivers Railroad Co.* 30 Vt. 610 ; *Laport*
v. *Bacon*, 48 Vt. 176.  It introduced a new and different cause
of action.  *Cook* v. *Carpenter*, 34 Vt. 121 ; *Sumner* v. *Brown*,
34 Vt. 194.

The defendant was entitled to recover all the items of his speci-
fication.

The plaintiff should not have been allowed to recover any part
of the arbitrators' fees.

The report should have been recommitted.

*E. F. Palmer*, for the plaintiff.

No amendment was necessary. WHEELER, J., in *Harris* v. *Belden*, 48 Vt. 478. Nothing was allowed that was not covered by the original declaration. Costs of arbitration are in this State recoverable with the award. ISHAM, J., in *Brownell* v. *Downer*, 28 Vt. 532.

As the referee found for the defendant as to plaintiff's charge for the keeping of horses, the defendant can claim nothing here.

As to the grounds for recommitting report, see REDFIELD, J., in *Learned* v. *Bellows*, 8 Vt. 79.

The opinion of the court was delivered by

DUNTON, J. Upon the hearing before the referee, the plaintiff was allowed to amend his declaration by adding thereto the general or common counts. This the referee had no authority to do; but the defendant was not prejudiced thereby, as the referee found that the plaintiff was entitled to recover only upon the original count in the declaration.

When a cause is referred by consent of counsel, as this one was, no amendment of the declaration is necessary, to enable the plaintiff to make such proof as he would be entitled to make under any amendment that the court could allow. The whole case, including all matters that are embraced by such amendment, are referred to the referee, but he cannot enlarge the scope of the reference by allowing amendments to the declaration; nor is it within his province to allow any amendments to the declaration whatever. But for the reasons above stated, the error of the referee in this respect in this case, was a harmless one, and was in no way prejudicial to the rights of the defendant, and therefore furnishes no ground for a reversal of the judgment.

The only matter in the report submitted to the court for its determination was decided in favor of the defendant; and as to the other matters determined by the referee, his decision is final. The rule of reference in this case consented to by the parties provides that the report of the referee shall be final, and does not require him to decide the case according to law. A reference of this kind is similar to an arbitration. The referee can, however,

46

if he thinks proper, by his report, submit questions of law arising in the case to the determination of the court; but if instead of doing this he decides them himself, his decision of law as well as of fact, if he acts honestly, is final and not revisable by the court.

In the case at bar, the *parties* chose their own tribunal to try it, and agreed that his report should be final. It was competent for them to do this; and, as it is not claimed that the referee acted otherwise than honestly, his report is final, and the parties are bound by his decisions of law as well as of fact. See *Bigelow* v. *Newell*, 10 Pick. 348; *Griffin* v. *Insurance Co.* 50 Vt. 460.

The denial of the motion to recommit the report to the referee for farther finding, by the County Court, is not revisable by this court. The granting or refusal of the motion was a matter of discretion, to be exercised by that court, and its decision refusing the motion is final.                              *Judgment affirmed.*