# WALKER v. WATROUS.

8 493
95 458

1. A partition fence, between adjoining proprietors, is, under the statute, the joint property of both, and each is bound to keep the entire fence in good repair. One cannot therefore maintain an action of trespass against the other, for an injury consequent upon an insufficient fence.

2. If a partition fence is out of repair, and one of the proprietors will not aid in repairing it, the other may cause it to be done, and recover the value be fore the appropriate tribunal, although viewers have not been appointed by the County Court.

3. If adjoining proprietors enter into an agreement, one to keep up one-half the fence, and the other the other half, an action of trespass cannot be maintained by one, against the other, for an injury caused by an insuffi cient fence, but the remedy is for a breach of the contract.

Error to the Circuit Court of Shelby.

TRESPASS *vi et armis*, by the defendant against the plaintiff in error, for injury done to the crop of plaintiff, by the cattle of the defendant.

The parties went to trial before the jury, upon the plea of not guilty. From a bill of exceptions found in the record, it appears, that the plantations of the plaintiff and defendant, were separated by a partition fence ; that one-half of this fence belonged to each, and that the defendant's part was low, dilapidated, and out of repair. It was also proved that the cattle of the defendant jumped into the cotton field of the plaintiff, and committed the injury for which damages were sought in this action.

Whereupon the counsel of defendant, asked the Court to charge, that before the plaintiff was entitled to recover, he must prove that the entire partition fence was five feet high, well staked and ridered, or sufficiently locked, and so close, that the cattle in question could not creep through.

That three householders, upon complaint being made by plaintiff to a justice, should have been appointed by the justice to view the fence, and that their testimony was necessary to determine whether the fence was lawful or not.

That reviewers acting under the authority of the County Court should have found the fence insufficient, and that notice thereof has been given to defendant.

All of which charges were refused, and the defendant excepted. This is now assigned as error.

T. A. WALKER, for plaintiff in error.

ORMOND, J.—The decision of this case, must depend upon the proper construction of the act of 1807, in regard to "fences and enclosures." [Clay's Dig. 241.] The 4th section, which is to regulate this enquiry, provides, that "For the better ascertaining, and regulating partition fences, it is hereby directed, that where any neighbors shall improve lands adjacent to each other, or where any person shall enclose any land adjoining to another's land already fenced in, so that any part of the first person's fence becomes the partition fence between them, in both these cases, the charge of such division fence, so far as enclosed on both sides, shall be equally borne and maintained by both parties. To which, and other ends in this law mentioned, each County Court shall nominate, and appoint, so many honest and able men, as they shall think fit, for each county respectively, to view all such fences about which any difference may happen, or arise, and the aforesaid persons in each county respectively, shall be the sole judges of the charge to be borne by the delinquent, or by both, or by either party ; and of the sufficiency of all fences, whether partition fences or others. And where they judge any fence to be insufficient, they shall give notice thereof to the owners or possessors ; and if any one of the said owners or possessors, refuse the request of the other, and due notice given by the said reviewers, shall refuse to make or repair the said fence or fences, or to pay the moiety of the charge before made, being a division fence, within ten days after notice given, then, upon proof thereof, before two justices of the peace, of the respective counties, it shall be lawful for the said justices, to order the person aggrieved and suffering thereby, to repair the said fence or fences, who shall be reimbursed his costs and charges, from the person so refusing to make good the said partition fence, or fences ; and the said costs and charges shall be levied upon the offenders goods

and chattels, under warrant from the said justice, by distress and sale thereof."

This act was a most laudable and praiseworthy effort on the part of the Legislature, to dry up the fertile sources of litigation, and controversy, between neighbors, arising from partition fences. To accomplish this object, the act makes partition fences joint property, equally belonging to the adjoining proprietors, and upon each, and both, the duty is devolved of keeping them in good repair. If one of the parties refuses to perform his portion of the labor in keeping up the fence, and the fence is ascertained to be out of repair, the other has the right to perform the labor himself, for which the statute affords him a prompt and adequate remedy.

It may be, that the County Court has omitted to perform its duty by appointing the "honest and able men," who are to view the fence and "be the sole judges of the charges to be borne by the delinquent:" but this omission of the County Court, to perform this important duty, does not repeal the law. Whether they are appointed or not, a partition fence, whether it was originally erected by one, or is the joint product of both the proprietors of the adjoining lands, remains the joint property of both, and upon each, and upon both, is devolved the duty of keeping every portion of it in good repair. It results necessarily, that neither, can maintain an action against the other, for an injury caused by an insufficient fence, because it is his own fence, which it is his duty to keep in repair, and which, if either will not aid in keeping up, the other may repair at his expense.

If the viewers have not been appointed by the County Court, the insufficiency of the fence could be established by the proof of witnesses; and if upon application by one adjoining proprietor to another, he will not aid in repairing the fence, he may perform the labor himself, and recover the value, either before a justice of the peace, or in the Courts of record, as the case may require.

The bill of exceptions states, that one half of the partition fence belonged to each of the adjoining proprietors ; that the defendants part was low and dilapidated, and out of repair, over which the cattle of the latter jumped into the cotton field of the plaintiff, and committed the injury complained of. If by this we are to understand, that there was a special contract between these parties, that one should keep up one half the fence, and the other the re-

maining half, it will not, in our opinion, vary the result, because if that be the predicament of the case, the action should have been for a breach of this contract. The precise object of the statute was to prevent these vexatious suits, which are so productive of bad feeling among neighbors, and to provide a domestic tribunal, which at little, if any expense, would settle these controversies much better than they can ever be settled in Courts of Justice. An appeal to the Courts is effectually prevented by making a partition fence joint property, as already explained, and if this law has been varied by a contract between these parties, a suit should have been brought for its violation, and not an action of trespass, which, under the provisions of the statute cannot be maintained.

It results from these considerations, that the Court erred in its refusal to charge as asked for by the defendant, and its judgment is therefore reversed and the cause remanded.

COLLIER, C. J.—The act cited in the opinion of the Court, provides, that partition fences made under certain circumstances shall be kept up at the mutual expense of the persons whose inclosures are thus separated; but it neither expressly, or by construction takes from one of the parties whose grounds have been trespassed upon, by the cattle of the other, in consequence of the part of the fence which the latter should have repaired, being dilapidated, the right to maintain the action of trespass to recover damages. The remedy which the statute affords would not, nor could have been intended to repair such an injury.

Even if, as supposed by my brethren, there was a contract between the plaintiff and defendant, that the partition fence across which the cattle passed, should be repaired by the defendant, that furnishes no defence to the action in the present case. In a suit upon the contract, could damages be given for the trespass, or would they be limited by the cost of repairing? Be this as it may, I am satisfied that if the action of trespass is not the only, it is maintainable as a cumulative remedy. These views lead me to dissent from the opinion just pronounced.