## Jotham Wood v. Peter LaRue.

Trespass tried by the Circuit Judge without a jury. The Judge found the facts, and as the conclusion of the law therefrom adjudged the defendant guilty, and the defendant excepted. — *Held*, that the finding of facts was to be treated as a special verdict, and to warrant the conclusion of law, must contain all the facts and circumstances necessary to constitute the defendant a trespasser.

Trespass is the proper action to be brought for an injury to plaintiff's cow caused by defendant setting his dog upon her.

The act of March 17, 1847, (*Comp. L.* § 628) which precludes the recovery of damages for the trespass of beasts on lands not enclosed by such a fence as therein described, has no other effect, and leaves the rights of parties in other respects as they stood at the common law. The cattle of other persons going upon such land are wrongfully there, and the owner of the land may drive them off by any of the ordinary means to which a prudent man would ordinarily resort.

And where a cow under such circumstances was injured by being driven off by a dog set on by the owner of the land, it was held that he was not liable for the injury unless there was something in the size, character, or habits of the dog, or in the mode of setting him on or pursuing, which would negative the idea of ordinary care or prudence.

*Heard January 21st.  Decided April 10th.*

Error to Jackson Circuit.

LaRue brought trespass against Wood in Justices' Court, and recovered twenty dollars, the value of a cow. Wood appealed to the Circuit Court, where the cause was tried without a jury, and the Circuit Judge found as follows:

"That on or about the fifteenth day of May, 1858, the defendant was the owner and occupant of a farm in the town of Blackman, county of Jackson. That on the same day the plaintiff's cow and a number of other cattle came from the public highway, through a pair of bars which were down, and without the leave or license of defendant, into and were upon and in the field of the defendant, being a field of barley, then and there growing on said farm there situate, and while said cattle were so upon said land, the defendant, for the purpose of driving said cattle off his said land, set his dog upon them, and the dog then and there chased said cattle, by means whereof the cow of the plaintiff was thrown by said dog and fell, breaking or otherwise injuring the shoulder of said plaintiff's said cow: that the plaintiff's cow was injured to the amount of twenty dollars.

"The conclusion of law by the court is that the defendant is a trespasser, and liable to the plaintiff for the damages aforesaid."

Judgment being rendered for LaRue on this finding Wood brought error.

*Blair & Gibson,* for plaintiff in error, argued that the action should have been *case* instead of trespass; that the defendant was liable at all only on the ground of negligence, which must be alleged and proved: — 2 *Comst.* 515; 4 *Cow.* 352; 13 *Johns.* 339; 1 *Denio,* 495: and that as the cow was a trespasser on defendant's land, (2 *Mich.* 260; 3 *Mich.* 163), he is not liable unless designed or wanton and malicious mischief is shown: — 1 *Cow.* 78; 2 *Mich.* 262; 4 *Denio,* 259; 7 *Met.* 274; 10 *Met.* 371; 17 *Johns.* 99.

*Johnson & Higby*, for defendant in error:

The plaintiff was bound to know what his dog was capable of doing, and if he chased cattle with a dog capable of doing injury, he did so at his peril: — 1 *Freeman*, 348; *Cro. Car.* 254; *Bac. Abr. tit. "Trespass" D.* 4. The design of the party is not material: — *Bac. Abr. tit. "Trespass" D.* 2.

Trespass was the proper action: — 1 *Dev.* 185; 7 *Yerg.* 38.

CHRISTIANCY J.:

The plaintiff in error excepts to the conclusion of law drawn by the Circuit Court from the facts found by the Judge.

The finding of facts, so far as this question is involved, must be considered as in the nature of a special verdict, and, to warrant the conclusion of law, must, in this case, contain all the facts and circumstances necessary to constitute the defendant a trespasser.

Having set on the dog, we think the defendant, if liable at all, was liable in this form of action.

But, it is clear, the plaintiff's cow was wrongfully on the land of the defendant (below) when the dog was set on for the purpose of driving her off; for, though the act of March 17, 1847, (*Comp. L.* § 628), prohibits an action for damages done by the cow, it has no other effect; and it leaves the defendant's rights, in the present action, as they would have stood at common law under like circumstances: — *Williams v. Mich. C. R. R. Co.* 2 *Mich.* 259.

The cow being wrongfully on the land, the defendant had a clear right to drive her off by any of the ordinary means to which a prudent man would naturally resort; and for this purpose, we think he had a right to set a dog upon her; unless there was something in the size, character or habits of the dog, or in the mode of setting him on or pursuing, which would negative the idea of ordinary care or prudence. And if he exercised this right in good

faith, and was not wanting in ordinary care and prudence, we think he could not justly be held responsible for the injury which might ensue. Such was expressly held by the Supreme Court of Vermont to be the law in *Clark v. Adams*, 18 *Vt.* 425, and again in *Davis v. Campbell*, 23 *Vt.* 236. In the first cited case, Royce J. says: "I have met with no decided case or other authority, which has denied the right of a party, at common law, to use a dog in driving from his own grounds cattle of another, which were wrongfully there doing damage:" and in favor of this right he cites: 1 *Comeyn's Dig*, 411 (*citing* "*R. Lat.* 199," *and Mullen v. Fandrye, stated by Aston J.* 4 *Burr.* 2994, from Popham 161, which I think sustains the right). The finding of the court shows nothing of the size or character of the dog, nor of the mode of setting him on, nor any lack of ordinary prudence and caution on the part of the defendant.

It is not necessary to decide what might have been the conclusion, if the finding of facts had shown that the dog had seized or wounded the cow, or thrown her by force; for, though the language of the finding appears, at first view, a little ambiguous, we are satisfied it does not fairly warrant this construction. The language is, "and the dog then and there chased said cattle, *by means whereof*" (as we understand the language, by means of *such chasing*)" the cow of the plaintiff was thrown by said dog, and fell, breaking or otherwise injuring the shoulder of said plaintiff's said cow." This is not the language which would naturally be used, had the cow been seized by the dog and thrown by force.

The facts stated in the finding do not warrant the conclusion of law, that the defendant was a trespasser. The judgment must therefore be reversed, and the plaintiff in error must recover his costs in this court and in the court below, as well as before the Justice.

The other Justices concurred.