# Thompson *v.* The State of Alabama.

*Indictment for Unlawfully and Wantonly Killing an Animal.*

1. *Trespass to pursue animals with dogs and kill them.*—One who pursues with dogs, and kills animals belonging to another, when found injuring his crops, even though they may have broken into his field, is guilty of trespass.
2. *"Unlawful," to commit trespass.*—One who commits a trespass in killing an animal, kills it "unlawfully."
3. *Malice not an ingredient of offense of unlawfully or wantonly killing animals.* Malice is not an ingredient of the offense of unlawfully or wantonly killing an animal as denounced by the statute (Code, § 4409), and if the defendant killed the animal unlawfully, he is properly convicted of such offense.

APPEAL from Bullock Circuit Court.
Tried before Hon. H. D. CLAYTON.

Platt Thompson occupied lands on which there was a corn crop growing in a field through which ran a road. The road began on, and ran through, the lands of Joseph Howard, who resided on and cultivated land adjoining Thompson's, and entered the premises of the latter through a gate, which formed part of the partition fence between the two neighbors. This gate was not always closed, and the fence, which was "a very good fence," but "not a lawful fence," was down in several places. Joseph Howard owned a hog, and this hog had gone through the open gate, or through the gaps in the fence, several times, and had destroyed much of Thompson's corn; and the latter notified Howard, that if he did not keep his hog out of the field, he would kill it, but Howard

·made no effort to do so. The said hog again entered Thompson's field, either through the gate, or the "gaps" in the fence, and fell to eating or destroying the growing corn ; and, in an effort to drive the aforesaid hog from the field with dogs and sticks, it was killed by Platt Thompson, wherefore, he was indicted for "unlawfully or wantonly killing a hog, the personal property of Joseph Howard." On the trial, proof having been made of the foregoing facts, the court charged the jury : "That although the hog had frequently entered defendant's field and damaged his crop, this gave him no right to kill it ; that he had a right to use so much force as was necessary to get it out and protect his crop, but in doing so, he was required to be careful, and do no more injury, if any, to the hog, than was unavoidable in getting it out." The defendant excepted to each of these charges. The defendant requested the court to charge the jury : "That if they believed the evidence of the witnesses as to the fence, the injury to the crop, and the notice to Howard, to be true ; and that the hog could only have been kept out of the crop by building a lawful fence around it, they must find the defendant not guilty. The court refused to give this charge and the defendant excepted. The defendant was convicted, and fined twenty dollars.

No counsel marked for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

SOMERVILLE, J.—The indictment in this case charges that the appellant "unlawfully or wantonly killed, disabled or destroyed a hog, the personal property of Joseph Howard."—Code (1876) § 4409. The hog is shown to have been killed while in the act of eating or destroying a growing crop of corn on the premises of the defendant, Thompson ; and the killing was perpetrated by dogs and with sticks, in an effort to drive the animal from the field. The partition fence between the adjoining lands of Howard, the owner of the hog, and those of the defendant, was not a lawful fence within the description of the statute (Code, 1876, § 1584.) It is shown that the hog may have entered either through an intervening gate, which was sometimes open, or through gaps in the partition fence, and had before depredated upon the same crop, destroying a portion of it, of which fact Howard had been informed with an accompanying threat that defendant would kill the hog unless it was prevented from trespassing on him again.

It is insisted that the killing of the animal under this state

of facts was not unlawful, but so far justifiable as to exculpate the defendant from liability to conviction under the statute. If the act of the defendant was a trespass, then it was unlawful, and he was properly convicted.

Every person has a lawful right to defend his person or his property, not for the purpose of redressing an injury already perpetrated, but purely upon the principle of prevention, in the present and for the future. Yet this right, valuable and important as it is, must be commensurate with, and strictly limited to, the existing necessity. The exercise of it beyond this constitutes the party a trespasser.—Cooley on Torts, 50; Walker's American Law, (7th ed.) 217 ; *Russell v. Barrow*, 7 Port. 106.

The general principle is not denied that a person may lawfully kill an animal when necessary for the preservation of his property, as when one shoots a dog accustomed to injure sheep, and found at the time in the act of killing one. 2 Water. on Tres. § 907. Nor that he could at common law lawfully employ a dog to drive from his premises the cattle of another, which are there wrongfully, doing damage, (1 Comyn's Dig. 419), unless it appear that, owing to the size, character or habits of the dog, or the mode of setting him on, the owner of the premises acted without ordinary care or prudence.— *Wood v. LaRue*, 9 Mich. 158.

But apart from the new liabilities created by the statute, having reference to the subject of lawful fences, it has been repeatedly decided, that one is guilty of a trespass who pursues with dogs and kills the animal of another, found injuring his crops, even though such animal, so found trespassing, may have broken into a field of the person killing it.—*Ford v. Taggart*, 4 Tex. 492 ; *Bost v. Mingues*, 64 N. C. 44 ; 2 Water. on Tres. § 899. And notice given of an intention to do so is regarded as a mere threat to do an illegal act, and would not vary the liability.—*Clark v. Keliher*, 107 Mass. 406.

Under the existing statutes, which require partition fences between improved lands to be erected and repaired at the joint expense of the occupants, it has been held that one would not be liable for damages done by his cattle breaking through the partition fence and destroying the crop of the other, the duty to repair devolving equally on each.—*Walker v. Watrous*, 8 Ala. 493. And section 1587 of the Code (1876) now provides as follows : "If any trespass or damage is done by an animal breaking into lands not enclosed as in the preceding section is provided, the owner is not liable therefor ; and if any person *injures or destroys any such animal*, he is *liable to the owner* for five times the amount of the injury done, to be recovered before any court of competent jurisdiction."

[Fairbanks, Morse & Co. v. Eureka Co ]

The question in this case is not the liability of Howard, the owner of the hog, to the defendant Thompson, for the destruction of the crops of the latter. That point is totally immaterial. The contention has reference only to the matter of Thompson's liability to Howard for killing or injuring the hog. This, we think, was, under the facts of the case, a trespass, and was therefore unlawful, and if unlawful, the defendant was guilty of the offense charged in the indictment, malice under this section of the Code not being an ingredient of the offense.—Code, § 4409.

The evidence does not disclose whether the hog entered Thompson's field by breaking the partition fence, or through the gate which was negligently left open. Hence we have discussed the question presented in both aspects of the case. In either view there is no error in the rulings of the Circuit Court, and its judgment is affirmed.