# Prince v. The State.

*Indictment for Unlawfully and Wantonly Killing Cows.*

1. *Indictment; signature of solicitor not essential to validity.*—The legal evidence of the verity of an indictment is its return as "A true bill" by the grand jury, as shown by endorsement signed by the foreman of the grand jury, and the signature of the solicitor is not essential to its validity; nor is an indictment rendered invalid by the fact that the name of the solicitor purporting to be signed to the bill was not written by the solicitor himself.

2. *Pleas and defenses; when plea presumed to have been abandoned.*—Where there is nothing appearing in a record to show that a plea in abatement was brought to the attention of the court, or that issue was joined upon it, and there is no evidence introduced in support of it, it will be presumed on appeal that said plea was abandoned.

[Prince v. The State.]

3. *Jeopardy; when discharge of jury not equivalent of acquittal.*
Where, in a criminal prosecution, after the State and the de-
fendant have each announced ready and a jury has been em-
pannelled, but before the indictment has been read to the
jury the defendant interposes his plea, and the case is passed
over and the jury is discharged for the time being, the defend-
ant cannot be said to have been placed in jeopardy, and the
passing of the case and discharging the jury under such cir-
cumstances, does not amount to acquittal.

4. *Unlawfully and wantonly killing stock.*—On a trial under an
indictment for unlawfully and wantonly killing stock, the de-
fendant may, under the provisions of the statute, prove, in
mitigation or justification, that at the time of the killing the
stock was trespassing upon a growing crop in a stock law dis-
trict, (Code, § 5092); and this is true, even though the several
acts relating to the establishment of said stock law district
prescribe certain penalties and remedies which may be en-
forced against the owner of the stock.

5. *Unlawfully and wantonly killing stock; admissibility of evi-
dence.*—On a trial under an indictment for unlawfully and
wantonly killing stock, where it appears that at the time of
the killing of the stock they were depredating upon the de-
fendant's crops which were situated in a stock law district, it
is not competent to introduce evidence tending to show that
the landlord of the defendant had instructed him to kill the
said stock, if they trespassed upon his crop.

6. *Unlawfully and wantonly killing stock; when more than one
killing constitutes a single offense.*—On a trial under an indict-
ment for unlawfully and wantonly killing three cows, where
it is shown that the defendant killed two of the cows at the
same place, firing at them separately, and that upon follow-
ing the other cow which had run off, he killed her within
fifteen minutes after the first two were killed, such facts con-
stitute a single offense.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. JOHN C. ANDERSON.

The appellant in this case, Albert Prince, was in-
dicted, tried and convicted for unlawfully or wantonly
killing three cows of the value of one hundred dollars,
the personal property of Johnston S. Ryall.

The indictment was signed by "Benjamin F. Elmore,
solicitor of the First Judicial Circuit of Alabama." It
was endorsed "a true bill," and was signed by the fore-
man of the grand jury.

. [Prince v. The State.]

The defendant demurred to the indictment upon the ground that while it purported to be signed by Benjamin F. Elmore, it was not, as a matter of fact signed by him, but the name "Benjamin F. Elmore" signed to said indictment was written by W. C. Harrison, Jr., and not by Benjamin F. Elmore. At the bottom of this demurrer there was the following statement, which was signed by the defendant's attorney: "And the defendant pleads the above also in abatement to said indictment." The demurrer was overruled, but the judgment entry does not show that the plea in abatement was passed upon.

The bill of exceptions recites that after the State by its solicitor had announced ready for trial, the defendant also announced ready for trial, the court proceeded to and did empannel a jury to try the case against this defendant; that said jury so empannelled was accepted by the State and was also accepted by the defendant; that "after said jury was so accepted by the State and defendant, and before the indictment was read to the jury, and without the defendant's making any objection to the action of the court, the court laid the case over for the purpose of looking up and getting the local law for the stock districts and called another case, which other case proceeded to trial by said jury, or a part thereof, which had been accepted by this defendant. After the trial of said other case, the case of this defendant was again called for trial, whereupon the defendant moved the court to discontinue said prosecution against the defendant." The ground of this motion to discontinue the prosecution was that the announcement by the State and the defendant as being ready for trial, and the empannelling of the jury for the trial of the case amounted to placing the defendant in jeopardy, and the subsequent passing of the case worked a discontinuance. This motion was overruled and the defendant duly excepted. After the empannelling of the jury a second time the defendant pleaded not guilty and filed a special plea of former jeopardy, setting up the facts as above stated. The solicitor for the State moved the court to strike this plea from the file upon the ground that it was filed too

late. This motion was sustained, the plea was stricken from the file, and the defendant duly excepted.

It was shown by the evidence that the defendant killed three cows, the property of J. S. Ryall, by shooting them with a gun; that said cows were killed while trespassing upon a growing crop of the defendant; that the defendant's crop was cultivated within a stock law district in Marengo county.

The defendant as a witness in his own behalf, testified that at the time of shooting the cows, they were trespassing upon and eating up his crop of cotton; that he shot them with his single barrel, muzzle loading gun; "that he shot two of them at one time, killing one and striking another; that the one he struck at the first shot ran off about two hundred yards; but after the first shot he reloaded his gun and shot and killed another cow at the same place; that he then reloaded his gun and a short time thereafter, about fifteen minutes, he went in the direction of the cow which had run off and came upon said cow in his field about two hundred yards and then shot and killed the third cow." The defendant then offered to prove that J. S. Ryall continually allowed his stock and cattle to run at large and in herds upon his crops of cotton and corn, during the year 1901; and that although requested so to do, the defendant did not keep up his stock and cattle, and that the defendant had suffered great damage by reason of Ryall's stock depredating upon his crops. The court refused to allow the defendant to make this proof, and to this ruling the defendant duly excepted. The defendant then offered to introduce evidence to show that it was necessary for him to kill said cows in order for him to protect said crop, so that the jury might take said evidence in the consideration of any mitigation or justification in the killing of the cows. The court refused to allow the defendant to introduce such evidence, and as recited in the bill of exceptions, "ruled that the defendant could not show any facts or circumstances either in mitigation or justification, but that the law for said stock district provided the remedy by impounding cattle, and by a prosecution of the owner of said stock for allowing them to run at large,

11

and that said remedies were exclusive, and that the defendant would not be allowed to show any facts either in mitigation or justification of the killing of the cows." To this action and ruling of the court the defendant duly excepted. After the defendant, as a witness in his own behalf, had testified that he rented the lands upon which his crops were growing, and upon which the cows were killed, from W. A. Skinner, the defendant was asked by his counsel as to whether or not he was told by Mr. Skinner to kill any cattle or stock of J. S. Ryall which might come upon his crops. The State objected to this question, the court sustained the objection, and the defendant duly excepted.

The defendant requested the court to give to the jury, among others, the following written charges, and separately excepted to the court's refusal to give each of said charges: (1.) "I charge you that the stock killed as described were trespassing upon a growing crop in a stock law district; and you may take these facts in mitigation or justification of the offense." (3.) "Gentlemen of the jury, I charge you unless you find from the evidence that the three cows were killed at the same time and by the same act, you must find the defendant not guilty." (E.) "If the jury believe from the evidence in this case that defendant killed two of the cows at one time and place, and one-quarter of an hour afterwards killed the other cow, then the jury will find the defendant not guilty." (7.) "In this case the jury, in its discretion, may consider the fact that the cows killed by the defendant were running at large in a stock district in which it is unlawful for stock to run at large, if it be a fact, and were trespassing upon growing crops in said district of defendant's when they were so killed, if this be a fact, either in justification of the offense or in mitigation of the punishment, and may in their discretion, either acquit the defendant, or fine him not less than one cent."

ABRAHAMS & SIMON, for appellant.—The motion to discontinue should have been sustained.—*Meadows v. State,* 136 Ala. 67; *Torrey v. Forbes,* 94 Ala. 140; *Reeves v. State,* 96 Ala. 33.

[Prince v. The State.]

In this case the defendant was authorized to show mitigation or justification, to be determined by the jury. Code, 1896, § 5092.

It was necessary for the State to show under this indictment that the three cows were killed at one and the same time and by one and the same act.—*Meadows v. State,* 136 Ala. 67; *Thomas v. State,* 111 Ala. 51.

MASSEY WILSON, Attorney-General, for the State. The court properly overruled the demurrer; the signature of the solicitor was not essential to the validity of the indictment.—*Joyner v. State,* 78 Ala. 448.

The motion to discontinue the prosecution was properly overruled.—*Scott v. State,* 110 Ala. 48.

The defendant offered to prove that his landlord instructed him to kill the proesecutor's cattle, if they trespassed on his land, which the court properly excluded. *Thompson v. State,* 67 Ala. 106.

The charges requested by the defendant were properly refused.—*Meadows v. State,* 136 Ala. 67.

TYSON, J.—It was not essential to the validity of the indictment that it should have been prepared or signed by the solicitor. It "receives its legal efficacy from the finding and return of the grand jury; and the legal evidence of its verity is the return 'A true bill,' apparent upon some part of it bearing the signature of the foreman."—*Holly v. State,* 75 Ala. 14; *Joyner v. State,* 78 Ala. 448. Assuming the efficacy of the demurrer interposed to raise this point, it was without merit. Of course, if it was abortive in this respect the same conclusion would follow. It also appears that the facts stated in the demurrer were, by the reference to it, pleaded in abatement, but this plea does not appear to have been brought to the attention of the court, nor was issue joined upon it, nor was any evidence introduced in support of it. We must, therefore, presume that it was abandoned.

The facts averred in the motion for a discontinuance of the prosecution and in the plea seeking to invoke the defense of former jeopardy were wholly insufficient to

constitute the defense of jeopardy. Although the jury had been empannelled and sworn, the indictment had not been read to them and pleaded to by defendant. This was not jeopardy.—*Scott v. State*, 110 Ala. 48.

The evidence established that the cows were killed by defendant while trespassing upon his growing crops which were in a stock law district. Section 5092 of the Code provides that upon the trial under an indictment of the character of this one, "the defendant may prove in mitigation or justification, as the jury may determine, that at the time of the injury, the stock was trespassing upon a growing crop * * cultivated without a fence where stock laws prevail," etc. The trial court, it appears from the record, proceeded upon the idea that this statute was without operation and afforded no defense because the several acts relating to establishing stock law districts in Marengo county prescribed certain penalties and remedies which may be enforced against the owner of the stock.—Acts, 1880-81, p. 163; Acts, 1888-89, p. 67; Acts, 1900-1, p. 718; Acts, 1892-93, p. 492. The theory· of the holding is based upon the proposition that the remedies afforded by the acts above cited were exclusive. And doubtless it was in consummation of that theory that the affirmative charge, with hypothesis, was given at the instance of the State. In this there was error.

There is nothing in these acts, in the remotest degree, inconsistent with the provisions of the section of the Code above quoted. The former deals with the acts of the owner in permitting his stock to run at large and provides for the impounding of the stock when taken up, while the latter provides what defense is available to a party who injures stock while trespassing upon his growing crops.

The penalties prescribed in the acts and the remedies provided for their enforcement do not deprive a defendant prosecuted for injury to stock while trespassing upon his growing crops of the benefit of that fact in mitigation or justification of his act.

This being true, the defendant in this case, had the right to have the jury determine whether or not his act

of killing was justifiable or if not justifiable, to what extent they would mitigate his punishment.   To this end he had also the right to have them instructed by written 'requested charges properly framed.

We find no error in the rulings of the court in excluding testimony offered by defendant.—*Thompson v. State*, 67 Ala. 106.   Nor was there error in the refusal of the several written charges requested attempting to classify or to have classified the several acts of shooting as distinct offenses.   On the undisputed testimony the three acts of shooting constituted a single offense. *Meadows v. State*, 136 Ala. 67, 74.

What we have said will suffice for another trial without a review in detail of the many written charges refused to defendant.

Reversed and remanded.

