The indictment charges that defendant unlawfully, wantonly, or maliciously killed, disabled, disfigured, destroyed, or injured three hogs, the property of John Leroy. The evidence tends to show that at the time the hogs were killed, they were trespassing upon the defendant's property, or property under his management and control, and there is some evidence tending to show that they were trespassing upon a growing crop.
The evidence shows that the farm of Leroy and that under the control of the defendant were adjoining farms, and defendant offered to show that these hogs had repeatedly trespassed on the crops under his supervision or control; that he had given repeated notices to the owner of the hogs about the trespasses, and made request of the owner of the hogs that they be kept off of defendant's premises. On objection of the solicitor, the court refused to allow this proof to be made. This ruling is in accord with the holding in Thompson v. State, 67 Ala. 106, 42 Am. Rep. 101; Johnson v. Patterson, 14 Conn. 1, 35 Am. Dec. 96. This disposes of the only question presented by this appeal.
Affirmed.
 On Rehearing.
The answer to the application for rehearing is that the law afforded the defendant a full remedy by authorizing him to impound the trespassing hogs, and require the owner to pay the damages resulting from their trespass, and therefore he had no right to destroy them. It was the right of the defendant to show that "at the time of the injury the animals killed or injured were trespassing upon a growing crop," not that they had repeatedly or previously so trespassed. Code 1907, § 6231. The defendant was denied no right secured to him by the statute, but he was given the full benefit thereof.
Application overruled.