(115 So. 314)
**HENDERSON v. STATE.** (4 Div. 357.)

Supreme Court of Alabama.   Jan. 26, 1928.

**Criminal law** &#9092;1086(8)—**That record does not show authority of acting solicitor, who signed indictment presents no reversible error.**

Since it is not essential to validity of indictment that it be prepared or signed by solicitor, fact that indictment appears in record as having been signed by acting solicitor without record showing his authority so to act presents no reversible error.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Will Henderson was convicted of murder in the second degree, and he appeals. Reversed and remanded.

C. O. Stokes, of Ozark, and Lee & Tompkins, of Dothan, for appellant.

The indictment is void for that it is shown that one acted as solicitor and does not show his authority to so act. A conviction on a void indictment cannot be sustained. Berry v. State, 65 Ala. 117. Motion to quash the venire should have been granted. Waldrop v. State, 185 Ala. 23, 64 So. 80; Jackson v. State, 171 Ala. 38, 55 So. 118; Bailey v. State, 172 Ala. 418, 55 So. 601; Andrews v. State, 174 Ala. 11, 56 So. 998, Ann. Cas. 1914B, 760; Carwile v. State, 148 Ala. 583, 39 So. 220; Tennison v. State, 188 Ala. 97, 66 So. 112.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce, Asst. Atty. Gen., for the State.

<hr>

&#9092;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The court properly overruled defendant's motion to quash the venire. Walker v. State, 204 Ala. 474, 85 So. 787; Riley v. State, 209 Ala. 505, 96 So. 599; Cole v. State, 19 Ala. App. 360, 97 So. 891; Dorsey v. State, 19 Ala. App. 641, 99 So. 830.

PER CURIAM. This appeal is from a judgment of conviction of murder in the second degree, under indictment charging first degree murder. The order for special venire for the trial of defendant's case was in all substantial respects the same as that considered by this court in Spooney v. State, 115 So. 308, and the same question presented in like manner as in that case. The holding therefore is conclusive here. Following that authority, the judgment must be here reversed for the action of the court in denying the motion, seasonably made, to quash the venire.

In view of a retrial of the cause, we find only one other question needs consideration.

It is not essential to the validity of an indictment that it should have been prepared or signed by the solicitor. Prince v. State, 140 Ala. 158, 37 So. 171. The fact, therefore, that the indictment appears in the record as having been signed by "E. W. Norton, Acting Solicitor of the Third Judicial Circuit," without the record further showing the authority to so act, presents no reversible error. It may be added also that no question concerning this matter was presented in the court below.

It results that, from the action of the court upon the matter of the venire, the judgment must be reversed and the cause remanded.

Reversed and remanded.

All the Justices concur.