17 So.2d 590

### COTTON v. STATE.

I Div. 458.

Court of Appeals of Alabama.

April 18, 1944.

Granade & Granade, of Chatom, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

RICE, Judge.

Code 1940, Title 8, Section 90, is in the following language, to-wit:

"§ 90. Turkey hens, does and unantlered male deer.—Any person who hunts, pursues, captures, kills or who attempts to pursue, capture or kill any wild turkey hen or any *doe* or *female deer* or who kills an unantlered male deer at any time shall be guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than twenty-five dollars nor more than fifty dollars for each offense." (Italics supplied).

Appellant was tried and convicted of the offense of "killing a deer out of season;" but in view of the fact that all the testimony was to the effect that if he killed a deer at all it was a "doe or female deer," and in view of the Code Section quoted above it will be seen that there *was* no "season" for killing same.

The State's testimony was abundant to the effect that appellant killed a "doe or female deer" as charged; in fact, when arrested he admitted that he did so, but on the trial he testified that his father, rather than he, killed the deer.

Realizing that the jury might not believe his discredited testimony that he did not do the deed, he interposed as a defense—or sought to do so—the fact, adequately supported by the testimony, that at the time the deer was killed it was eating up and destroying his crops—peas, corn, etc.

We will not detail the testimony but it was, as we said, adequate to support a finding by the jury that the deer was, at the very time it was killed, engaged in the act of destroying appellant's said crops, growing in an enclosed field around his house.

And that will enable us to declare the law.

"Legal justification may always be interposed as a defense by a person charged with killing a wild animal contrary to law. Hence the killing of game protected by the statute or regulations is not prevented by them when reasonably necessary for the protection of person or property * * *. However, the injury to property by wild animals must be of considerable extent to warrant killing out of season or contrary to law; a mere trespass is insufficient. Before one can resort to force in protecting his property from wild animals, he must have exhausted all other remedies provided by law, the use of such force must be reasonably necessary and suitable to protect his property, and he must use only such force and means as a reasonably prudent man would use under like circumstances." 38 C.J.S., Game, p. 12 § 10.

The above quotation about sums up the law governing prosecutions such as this. We think it the law of our own State. We have been able to find no affirmation that it is so; but our Supreme Court, years ago, made this remark: "The general principle is not denied that a person may lawfully kill an animal when necessary for the preservation of his property, as when one shoots a dog accustomed to injure sheep, and found at the time in the act of killing one." Thompson v. State, 67 Ala. 106, 42 Am.Rep. 101.

Other courts have dealt with prosecutions exactly similar to this, that is, exactly similar as to the character of defense offered. One of the best discussions of the subject we have found is in the opinion in the case of State v. Rathbone, 110 Mont. 225, 100 P.2d 86, 93. There the Supreme Court of Montana laid down the rule, which we borrow and adopt, that "before the defendant can resort to force in protecting his property from wild animals, (1) he must have exhausted all other remedies provided by law; (2) the use of such force must be reasonably necessary and suitable to protect his property; and (3) he must use only such force and means as a reasonably prudent man would use under like circumstances."

If the jury or court finds that he has acted in accordance with the above mentioned rule, he is not guilty, when charged as here with killing a wild animal contrary to law. And see Cook et ux. v. State, 192 Wash. 602, 74 P.2d 199; and State of Washington v. Burk, 114 Wash. 370, 195 P. 16, 21 A.L.R. 193, with note

at end of report in 21 A.L.R. For it will be remembered that *our* Constitution provides "that the sole object and only legitimate end of government is to protect the citizen in the enjoyment of life, liberty, and *property,* and when the government assumes other functions it is usurpation and oppression." (Italics supplied.) Const. Ala.1901, Art. 1, Sec. 35.

The case was tried below upon a mistaken theory as to the law governing. We will not specify the rulings showing as much.

But for all those rulings not in accord with what we have written above, the judgment is reversed and the cause remanded.

Reversed and remanded.